COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-460-CR
 
  
THE STATE OF TEXAS                                                                  STATE
  
V.
  
DAVID ARTHUR BRYANT                                                          APPELLEE
 
 
------------
 
FROM COUNTY CRIMINAL COURT NO. 
8 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        The 
State appeals from the trial court’s grant of appellee’s motion to suppress 
in a driving while intoxicated (DWI) case.  We reverse and remand.
II. Background Facts
        Grapevine 
Police Officer Christopher Brichetto was the only witness at appellee’s 
suppression hearing. He testified that around 2:00 a.m. on December 13, 2002, he 
was on routine patrol when he noticed appellee’s car slowly traveling 
westbound on Northwest Highway. Officer Brichetto testified that he saw appellee 
turn into the parking lot of a strip shopping center. Appellee pulled onto a 
drive that separates two sets of buildings in the shopping center, drove toward 
the rear of the buildings, turned around, stopped between the buildings, and 
turned his headlights off. Officer Brichetto drove to where appellee was parked, 
got out of his patrol car, and approached appellee’s car. Officer Brichetto 
knocked on appellee’s window, and appellee opened his car door. Officer 
Brichetto testified that he smelled a strong odor of alcohol as soon as appellee 
opened the door. He also testified that appellee had “something all over the 
front of him” and that his zipper was undone. After conducting an 
investigation, Officer Brichetto arrested appellee for DWI.[1]
III. Points on Appeal
        In 
seven points, the State challenges the trial court’s order granting the 
suppression of the DWI evidence. Each point is based on whether Officer 
Brichetto was required to have reasonable suspicion to approach appellee and 
knock on his car window and, if so, whether Officer Brichetto in fact had 
reasonable suspicion to detain and investigate appellee.
A. Standard of Review
        The 
Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. For an arrest to 
be justified under the Fourth Amendment, it must be accompanied by probable 
cause to believe that a person has engaged in or is engaging in criminal 
activity. Henry v. United States, 361 U.S. 98, 102, 80 S. Ct. 168, 171 
(1959). A detention, however, may be justified on less than probable cause if a 
person is reasonably suspected of criminal activity based on specific, 
articulable facts. Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 
(1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).
        We 
review a trial court's ruling on a motion to suppress evidence under a 
bifurcated standard of review. Carmouche, 10 S.W.3d at 327; Guzman v. 
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial 
court's decision, we do not engage in our own factual review. Romero v. 
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 
S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the 
sole trier of fact and judge of the credibility of the witnesses and the weight 
to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. 
Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 
1999). Therefore, we give almost total deference to the trial court's rulings on 
(1) questions of historical fact and (2) application-of-law-to-fact questions 
that turn on an evaluation of credibility and demeanor. Johnson v. State, 
68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); State v. Ballman, 
No. 2-03-345-CR, 2004 WL 2914999, at *1 (Tex. App.—Fort Worth Dec. 16, 2004, 
pet. filed). Harrison v. State, 144 S.W.3d 82, 85 (Tex. App.—Fort Worth 
2004, pet. granted); Best, 118 S.W.3d at 861-62. But when the trial 
court’s rulings do not turn on the credibility and demeanor of the witnesses, 
we review de novo a trial court's rulings on mixed questions of law and fact. Johnson, 
68 S.W.3d at 652-53.
        Here, 
the trial court did not file written findings of fact and conclusions of law but 
instead dictated its findings and conclusions into the record. We may treat 
these findings and conclusions the same as written findings of fact and 
conclusions of law. See State v. Cardenas, 36 S.W.3d 243, 245 (Tex. 
App.—Houston [1st Dist.] 2001, pet. ref’d) (accepting as finding of fact 
trial court’s oral pronouncement that it believed the witness’s testimony).
        The 
trial court found that appellee had committed no traffic violations. Citing 
several cases, the trial court also noted that slow driving, by itself, does not 
give rise to reasonable suspicion. The trial court found that appellee was 
“stopped” when Officer Brichetto approached his car and knocked on his 
window but that the facts up to that point did not give rise to reasonable 
suspicion. Because the trial court believed Officer Brichetto’s testimony but 
found the evidence legally insufficient to establish reasonable suspicion, the 
trial court’s ruling was an application of law to fact that did not turn on 
the credibility and demeanor of the witness. See Guzman, 955 S.W.2d at 
89; Reesing v. State, 140 S.W.3d 732, 735 (Tex. App.—Austin 2004, pet. 
ref’d). Therefore, we will review de novo the trial court’s order granting 
the motion to suppress.
B. Encounter or Investigative Detention
        In 
its first point, the State contends that the trial court erred by granting 
appellee’s motion to suppress based on its erroneous legal conclusion that 
Officer Brichetto was required to have a reasonable suspicion to approach 
appellee in his parked car. The Texas Court of Criminal Appeals has recognized 
the following three categories of interactions between police officers and 
citizens: (1) encounters, (2) investigative detentions, and (3) arrests. State 
v. Perez, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002); Francis v. State, 
922 S.W.2d 176, 178 (Tex. Crim. App. 1996). Unlike an investigative detention or 
an arrest, an encounter is a consensual interaction, which the citizen is free 
to terminate at any time. See Gurrola v. State, 877 S.W.2d 300, 
302-03 (Tex. Crim. App. 1994). Therefore, an encounter is not considered a 
“seizure” for Fourth Amendment purposes and does not warrant constitutional 
analysis. See U.S. Const. 
amend IV; McCraw v. State, 117 S.W.3d 47, 51 (Tex. App.—Fort Worth 
2003, pet. ref’d).
        In 
Merideth v. State, a police officer approached a parked truck in which 
Merideth and a female companion were sitting. 603 S.W.2d 872, 873 (Tex. Crim. 
App. [Panel Op.] 1980). Unable to see through the rear window, the officer went 
to the driver’s side door and knocked on the window. Id. When Merideth 
opened the door, the officer smelled marijuana smoke and saw a handrolled 
cigarette butt in the ashtray. Id. The court of criminal appeals held 
that the interaction did not become an investigative detention until after the 
marijuana was discovered. Id.
        Similarly, 
in State v. Perez, a police officer was investigating a reported purse 
snatching when he spotted Perez and slowed his car to determine if Perez matched 
the suspect’s description. 85 S.W.3d 817, 818 (Tex. Crim. App. 2002) When he 
saw the police officer looking at him, Perez ran into an apartment. Id. 
The officer knocked on the apartment door, Perez answered, and the officer 
smelled marijuana. Id. Again, the court of criminal appeals held that up 
to this point, the interaction had not been an investigative detention, but a 
consensual encounter. Id. at 819.
        Likewise, 
in the present case, the interaction between Officer Brichetto and appellee did 
not become an investigative detention until after appellee opened his car door. 
Accordingly, Officer Brichetto was not required to have reasonable suspicion 
that appellee was engaged in criminal activity to approach appellee’s car and 
knock on his window. We sustain the State’s first point.
C. Reasonable 
Suspicion of Burglary or DWI
        In 
its second point, the State argues that even if the Fourth Amendment was not yet 
implicated when the officer knocked on appellee’s window, Officer Brichetto 
had reasonable suspicion to conclude a burglary or DWI might be underway. In the 
State’s fourth point, it argues that the trial court’s suppression order ran 
afoul of Terry v. Ohio. Reasonable suspicion exists if the officer has 
“specific articulable facts that, when combined with rational inferences from 
those facts, would lead him to reasonably suspect that a particular person has 
engaged or is (or soon will be) engaging in criminal activity.” Garcia v. 
State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).
        Here, 
at around 2:00 a.m., Officer Brichetto saw appellee slowly drive down Northwest 
Highway and turn into the parking lot of a strip shopping center whose 
businesses were closed for the night. Appellee drove to the back, turned around, 
stopped between two sets of buildings, and turned his headlights off. All of 
this occurred in an area that had experienced a number of burglaries in the 
past. Moreover, Officer Brichetto testified that store owners had made several 
calls to the Grapevine Police Department regarding cars parking behind their 
stores.
        Additionally, 
after Officer Brichetto knocked on appellee’s car window and appellee opened 
his door, Officer Brichetto smelled a strong alcohol odor. Officer Brichetto 
also noticed that appellee’s pants were unzipped and that he had something all 
over him. Giving almost total deference to the trial court’s findings on 
historical facts but reviewing de novo the trial court’s application of law to 
these facts, we conclude that a review of the totality of the circumstances 
supports a reasonable suspicion that appellee was, or would soon be, engaging in 
either a burglary or DWI. We sustain the State’s second and fourth points. 
Having sustained three of the State’s points, we do not need to address the 
State’s remaining points.
IV. Conclusion
        Applying 
the controlling standard of review, we hold that the trial court erred in 
granting appellee’s motion to suppress. We reverse the trial court's order 
granting appellee's motion and remand this cause to the trial court for further 
proceedings consistent with this opinion.
   
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: March 24, 2005


NOTES
 
1.  
Nothing in the record indicates whether appellee took any field sobriety tests.