**The STATE of Texas, State,**

v.

**David Arthur BRYANT, Appellee.**

**No. 2–03–460–CR.**

Court of Appeals of Texas, Fort Worth.

March 24, 2005.

Tim Curry, Criminal District Atty., Charles M. Mallin, Tanya Sue Dohoney, Shannon Prellwitz, Raquel Jones, Asst. Criminal District Attys., Fort Worth, for Appellee.

Randy S. Brooks, Denton, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and McCOY, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

The State appeals from the trial court's grant of appellee's motion to suppress in a driving while intoxicated (DWI) case. We reverse and remand.

### II. Background Facts

Grapevine Police Officer Christopher Brichetto was the only witness at appellee's suppression hearing. He testified that around 2:00 a.m. on December 13, 2002, he was on routine patrol when he noticed appellee's car slowly traveling westbound on Northwest Highway. Officer Brichetto testified that he saw appellee turn into the parking lot of a strip shopping center. Appellee pulled onto a drive that separates two sets of buildings in the shopping center, drove toward the rear of the buildings, turned around, stopped between the buildings, and turned his headlights off. Officer Brichetto drove to where appellee was parked, got out of his patrol car, and approached appellee's car. Officer Brichetto knocked on appellee's window, and appellee opened his car door. Officer Brichetto testified that he smelled a strong odor of alcohol as soon as appellee opened the door. He also testified that appellee had "something all over the front of him" and that his zipper was undone.

After conducting an investigation, Officer Brichetto arrested appellee for DWI.[1]

### III. Points on Appeal

In seven points, the State challenges the trial court's order granting the suppression of the DWI evidence. Each point is based on whether Officer Brichetto was required to have reasonable suspicion to approach appellee and knock on his car window and, if so, whether Officer Brichetto in fact had reasonable suspicion to detain and investigate appellee.

### A. Standard of Review

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. For an arrest to be justified under the Fourth Amendment, it must be accompanied by probable cause to believe that a person has engaged in or is engaging in criminal activity. *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959). A detention, however, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim.App.2000).

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Carmouche*, 10 S.W.3d at 327; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex.App.-Fort Worth 2003, no pet.). The trial judge is the sole

1. Nothing in the record indicates whether appellee took any field sobriety tests.

trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000); *State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim. App.1999). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex.Crim.App.2002); *State v. Ballman*, 157 S.W.3d 65, 67 (Tex.App.Fort Worth, pet. filed). *Harrison v. State*, 144 S.W.3d 82, 85 (Tex.App.-Fort Worth 2004, pet. granted); *Best*, 118 S.W.3d at 861–62. But when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact. *Johnson*, 68 S.W.3d at 652–53.

Here, the trial court did not file written findings of fact and conclusions of law but instead dictated its findings and conclusions into the record. We may treat these findings and conclusions the same as written findings of fact and conclusions of law. *See State v. Cardenas*, 36 S.W.3d 243, 245 (Tex.App.Houston [1st Dist.] 2001, pet. ref'd) (accepting as finding of fact trial court's oral pronouncement that it believed the witness's testimony).

The trial court found that appellee had committed no traffic violations. Citing several cases, the trial court also noted that slow driving, by itself, does not give rise to reasonable suspicion. The trial court found that appellee was "stopped" when Officer Brichetto approached his car and knocked on his window but that the facts up to that point did not give rise to reasonable suspicion. Because the trial court believed Officer Brichetto's testimony but found the evidence legally insufficient to establish reasonable suspicion, the trial court's ruling was an application of law to fact that did not turn on the credibility and demeanor of the witness. *See Guzman*, 955 S.W.2d at 89; *Reesing v. State*, 140 S.W.3d 732, 735 (Tex.App.Austin 2004, pet. ref'd). Therefore, we will review de novo the trial court's order granting the motion to suppress. *See State v. Gray*, No. PD–0586–04, 2005 WL 356276, at *3 (Tex.Crim.App. Feb. 16, 2005).

## B. Encounter or Investigative Detention

 In its first point, the State contends that the trial court erred by granting appellee's motion to suppress based on its erroneous legal conclusion that Officer Brichetto was required to have a reasonable suspicion to approach appellee in his parked car. The Texas Court of Criminal Appeals has recognized the following three categories of interactions between police officers and citizens: (1) encounters, (2) investigative detentions, and (3) arrests. *State v. Perez*, 85 S.W.3d 817, 819 (Tex. Crim.App.2002); *Francis v. State*, 922 S.W.2d 176, 178 (Tex.Crim.App.1996). Unlike an investigative detention or an arrest, an encounter is a consensual interaction, which the citizen is free to terminate at any time. *See Gurrola v. State*, 877 S.W.2d 300, 302–03 (Tex.Crim.App. 1994). Therefore, an encounter is not considered a "seizure" for Fourth Amendment purposes and does not warrant constitutional analysis. *See* U.S. CONST. amend IV; *McCraw v. State*, 117 S.W.3d 47, 51 (Tex. App.Fort Worth 2003, pet. ref'd).

In *Merideth v. State*, a police officer approached a parked truck in which Merideth and a female companion were sitting. 603 S.W.2d 872, 873 (Tex.Crim.App. [Panel Op.] 1980). Unable to see through the rear window, the officer went to the driver's side door and knocked on the window. *Id.* When Merideth opened the door, the officer smelled marijuana smoke and saw a

handrolled cigarette butt in the ashtray. *Id.* The court of criminal appeals held that the interaction did not become an investigative detention until after the marijuana was discovered. *Id.*

Similarly, in *State v. Perez*, a police officer was investigating a reported purse snatching when he spotted Perez and slowed his car to determine if Perez matched the suspect's description. 85 S.W.3d 817, 818 (Tex.Crim.App.2002) When he saw the police officer looking at him, Perez ran into an apartment. *Id.* The officer knocked on the apartment door, Perez answered, and the officer smelled marijuana. *Id.* Again, the court of criminal appeals held that up to this point, the interaction had not been an investigative detention, but a consensual encounter. *Id.* at 819.

Likewise, in the present case, the interaction between Officer Brichetto and appellee did not become an investigative detention until after appellee opened his car door. Accordingly, Officer Brichetto was not required to have reasonable suspicion that appellee was engaged in criminal activity to approach appellee's car and knock on his window. We sustain the State's first point.

## C. Reasonable Suspicion of Burglary or DWI

■■ In its second point, the State argues that even if the Fourth Amendment was not yet implicated when the officer knocked on appellee's window, Officer Brichetto had reasonable suspicion to conclude a burglary or DWI might be underway. In the State's fourth point, it argues that the trial court's suppression order ran afoul of *Terry v. Ohio.* Reasonable suspicion exists if the officer has "specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim.App.2001).

Here, at around 2:00 a.m., Officer Brichetto saw appellee slowly drive down Northwest Highway and turn into the parking lot of a strip shopping center whose businesses were closed for the night. Appellee drove to the back, turned around, stopped between two sets of buildings, and turned his headlights off. All of this occurred in an area that had experienced a number of burglaries in the past. Moreover, Officer Brichetto testified that store owners had made several calls to the Grapevine Police Department regarding cars parking behind their stores.

Additionally, after Officer Brichetto knocked on appellee's car window and appellee opened his door, Officer Brichetto smelled a strong alcohol odor. Officer Brichetto also noticed that appellee's pants were unzipped and that he had something all over him. Giving almost total deference to the trial court's findings on historical facts but reviewing de novo the trial court's application of law to these facts, we conclude that a review of the totality of the circumstances supports a reasonable suspicion that appellee was, or would soon be, engaging in either a burglary or DWI. We sustain the State's second and fourth points. Having sustained three of the State's points, we do not need to address the State's remaining points.

## IV. Conclusion

Applying the controlling standard of review, we hold that the trial court erred in granting appellee's motion to suppress. We reverse the trial court's order granting appellee's motion and remand this cause to

the trial court for further proceedings consistent with this opinion.