NO. 07-06-0129-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 9, 2007
_____

JACQUELINE V. HARPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409263; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

**CONCURRING OPINION**

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

I concur in the judgment of the Court. I agree with the majority's analysis as to whether or not Officer Hayes had a reasonable basis to suspect that Appellant was or would soon be engaged in criminal activity. However, I respectfully disagree with the majority's conclusion that the Officer's interaction with Appellant amounted to no more than an encounter. I am of the opinion that facts and circumstances of this case amounted to an investigative detention.

An investigative detention occurs when a reasonable person would believe he or she was not free to leave and has yielded to a show of authority or has been physically forced to yield. *California v. Hodari, D.*, 499 U.S. 621, 627-28, 111 S.Ct. 1547, 1551-52, 113 L.Ed.2d 690 (1991). Therefore, an investigative detention may occur when a person in a parked car complies with a police officer's order to roll down the window or open the door. *Merideth v. State*, 603 S.W.2d 872, 873 (Tex.Crim.App. 1980); *Ebarb v. State*, 598 S.W.2d 842, 850 (Tex.Crim.App. 1979); *State v. Bryant*, 161 S.W.3d 758 (Tex.App.–Fort Worth 2005, no pet.). Under the facts of this case, I am of the opinion that a reasonable person in Appellant's position would not have felt free to drive away from Officer Hayes at any time during the incident. Therefore, I believe that the Officer's request that Appellant step out of her vehicle constituted an investigative detention.

Patrick A. Pirtle
Justice

Publish.