NO. 07-06-0129-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 9, 2007


 ______________________________



JACQUELINE V. HARPER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-409263; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________


 


CONCURRING OPINION




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 I concur in the judgment of the Court. I agree with the majority's analysis as to
whether or not Officer Hayes had a reasonable basis to suspect that Appellant was or
would soon be engaged in criminal activity. However, I respectfully disagree with the
majority's conclusion that the Officer's interaction with Appellant amounted to no more than
an encounter. I am of the opinion that facts and circumstances of this case amounted to
an investigative detention.

 An investigative detention occurs when a reasonable person would believe he or
she was not free to leave and has yielded to a show of authority or has been physically
forced to yield. California v. Hodari, D., 499 U.S. 621, 627-28, 111 S.Ct. 1547, 1551-52,
113 L.Ed.2d 690 (1991). Therefore, an investigative detention may occur when a person
in a parked car complies with a police officer's order to roll down the window or open the
door. Merideth v. State, 603 S.W.2d 872, 873 (Tex.Crim.App. 1980); Ebarb v. State, 598
S.W.2d 842, 850 (Tex.Crim.App. 1979); State v. Bryant, 161 S.W.3d 758 (Tex.App.-Fort
Worth 2005, no pet.). Under the facts of this case, I am of the opinion that a reasonable
person in Appellant's position would not have felt free to drive away from Officer Hayes at
any time during the incident. Therefore, I believe that the Officer's request that Appellant
step out of her vehicle constituted an investigative detention.


 Patrick A. Pirtle

 Justice



Publish.



t did not act sua sponte but at the
invitation of appellant, and to that extent the court accepted the invitation, appellant cannot
complain. See Hill v. State, 913 S.W.2d 581, 597-98 (Tex. Crim. App. 1996) (one cannot
complain about error he invites).

Point Three


 Next, appellant contends that the trial court erred in failing to charge the jury on
causation as that term is defined in §6.04(a) of the Texas Penal Code. (1) That is, he
believes that the trial court should have instructed the jury on concurrent causation. We
overrule the point for several reasons.

 First, while appellant objected to that portion of the charge defining causation, he
said nothing about being entitled to an instruction on concurrent causation. Instead, he
merely uttered that the reference to causation by "the way it has been worded or the way
it reads, it tends to lend an air of preponderance of the evidence or a civil duty rather than
reasonable doubt [and he] . . . would object to that." So too did he say that he felt "like it
adds something to the [c]harge that isn't in the criminal element [sic]." Furthermore,
appellant likens, in his brief, concurrent causation to a defensive issue. See Roberts v.
State, 923 S.W.2d 141, 146 (Tex. App.-Texarkana 1996, pet. ref'd) (discussing concurrent
causation within the framework of a defensive issue); Hutcheson v. State, 899 S.W.2d 39,
42 (Tex. App.-Amarillo 1995, pet. ref'd) (wherein this court discussed concurrent causation
within the framework of a defensive issue). The issue being defensive in nature, he was
obligated to request that the court instruct the jury on it before he could complain of its
omission on appeal. See Posey v. State, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)
(holding that complaints regarding the omission from the jury charge of defensive issues
must be preserved by request or objection).

 Second, assuming arguendo that appellant had preserved his complaint, we note
that one is not entitled to an instruction on concurrent causation unless there exists
evidence that the concurrent cause was clearly sufficient to produce the result and the
conduct of the appellant was clearly insufficient. Hutcheson v. State, 899 S.W.2d at 42. 
Here, appellant cites us to nothing of record illustrating some act or injury committed by
someone other than himself was clearly sufficient to produce the death of his victim. At
best, we are cited to evidence which simply suggests that the location of the victim's ex-roommate named Collerd was unknown for several hours on the night the victim died,
Collerd acted strangely on that night, and Collerd's fingerprints were found at the abode
where he once lived and in which victim was killed. Yet, nowhere are we told by appellant
of any specific physical act committed or injury inflicted by Collerd upon the victim. Thus,
appellant failed to illustrate that some other yet concurrent cause was clearly sufficient to
produced the victim's death. And, having failed to illustrate that, he also failed to establish
his entitlement to the instruction. 

Point Four 


 Finally, appellant contends that the trial court erred in denying his motion to
suppress his confession because it was involuntary. The confession was allegedly
involuntary because it was obtained through improper inducement. That purported
inducement consisted of giving appellant one or more cigarettes in exchange for his
confession and threatening him with the death penalty if he did not "talk." We overrule the
point.

 Whether the trial court erred in refusing to suppress a confession depends upon
whether it abused its discretion. Villareal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). And, we will not disturb the ruling if supported by the record. Arnold v. State, 873
S.W.2d 27, 34 (Tex. Crim. App. 1993), cert. denied, 513 U.S. 830, 130 L.Ed.2d 51, 115
S.Ct. 103 (1994). Furthermore, the trial court is the sole factfinder at the hearing. Id. This
entitles it to judge the weight and credibility of the witnesses and their testimony and accept
or reject all or any part of the testimony of any witness, including those of the State or the
defense. Snow v. State, 721 S.W.2d 943, 946 (Tex. App.--Houston [1st Dist.] 1986, no
pet.). So, we must defer to its resolution of pivotal factual disputes. 

 Next, a suspect's statement may be used against him when it is freely and
voluntarily made without compulsion or persuasion. Tex. Crim. Proc. Code Ann. § 38.21
(Vernon Supp. 2002); Campos v. State, 977 S.W.2d 458, 464 (Tex. App.--Waco 1998, no
pet.). Furthermore, the determination of whether a statement is voluntary must be based
on an examination of the totality of the circumstances surrounding its acquisition. Bordman
v. State, 56 S.W.3d 63, 69 (Tex. App.-Houston [14th Dist.] 2001, no pet.). 

 Finally, statements induced by promises of a certain kind may render the statement
involuntary and inadmissible. Yet, to be within that kind, the promise must be 1) of some
benefit to the defendant, 2) positive, 3) made or sanctioned by a person in authority, and
4) of such an influential nature as to be likely to influence the defendant to speak
untruthfully. Creager v. State, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). With this
said, we turn to the allegations before us.

 We address first the matter of threatening the appellant with the death penalty
unless he spoke. This particular ground was never mentioned below. Indeed, both in his
motion to suppress and at the suppression hearing, appellant merely alluded to the
temptation of a cigarette as improper inducement. Given that it went unmentioned below,
it cannot be the basis for a reversal on appeal. See Holberg v. State, 38 S.W.3d at 140.

 As to the matter of a cigarette, we note that the record contains evidence evincing
an offer on behalf of appellant to tell the truth if he were given a cigarette. However, one
of the officers interrogating appellant testified at the suppression hearing that the offer was
rejected because he "did not want to give [appellant] a cigarette." And, though another
officer subsequently obtained cigarettes and both officers allowed appellant to smoke
them, this occurred after appellant confessed to striking his victim on the head with weight
lifting equipment. This created a disputed issue of fact regarding whether any promise was
made which could have induced appellant to confess. Simply put, one cannot be induced
by a promise that was never made. And, as evinced by the findings of fact it subsequently
executed, the trial court accepted the testimony of the officers as truthful and determined
that the supposed proposition uttered by appellant was rejected. The proposition having
been rejected overtly by the officers, it could not serve as inducement for any confession
by appellant. Thus, evidence of record supports the trial court's decision, and it cannot be
considered an abuse of discretion.

 Accordingly, the judgment is affirmed.

 

 Brian Quinn

 Justice

Do not publish. 
1. Section 6.04(a) of the Penal Codes states: "[a] person is criminally responsible if the result would not
have occurred but for his conduct, operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."