COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-06-033-CR

 

 

THE STATE OF TEXAS                                                                STATE

 

                                                   V.

 

BYRON RICHARDSON                                                             APPELLEE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

In four points, Appellant the
State of Texas appeals the trial court=s granting of Appellee Byron Richardson=s motion to suppress.  We
affirm.

 

 








II.  Factual and Procedural Background

This is the case of the Aroach@ that got
away.  On July 15, 2005, Fort Worth
Police Officer J. Vasquez and his partner visited the Villa Supreme Apartment
complex in search of a wanted felon.  As
the two officers advanced through the apartment grounds, they stumbled upon three
men around an exterior stairway:  one
standing at the bottom, one standing on the side (Richardson), and one in the
middle of the stairway sitting down (Jefferson). Officer Vasquez testified that
as he approached the stairway he smelled the odor of marijuana and saw
Jefferson rolling a marijuana cigarette. 
Officer Vasquez stated that he saw Richardson toss under the stairway
what he thought to be the remains of a lit cigarette or Aroach@.  Additionally, Officer Vasquez stated that as
they approached he saw Richardson reach through the bars of the stairway and
tug on Jefferson=s pant leg
to announce the arrival of the police.








Richardson and Jefferson were
immediately arrested for possession of marijuana.  The State stipulated that the arrest was
warrantless.  Richardson was searched
incident to arrest and was found to be in possession of approximately two
ounces of marijuana.[2]  Richardson was charged by information with
possession of marijuana under two ounces. 
Richardson filed a motion to suppress the marijuana as the product of an
illegal arrest.  At the hearing, Officer
Vasquez testified that the Aroach@ he saw
Richardson toss was Athe remains
of a lit cigarette.@  However, on cross-examination Officer Vasquez
conceded that the object was merely paper, not warm to the touch, contained no
marijuana, had nothing to do with why Richardson was arrested, and was not
collected.  Officer Vasquez=s stated reasons for Richardson=s arrest were for his close proximity to and knowledge of the
marijuana as well as the general odor of marijuana.

Following the hearing, the
trial court granted Richardson=s motion to suppress.  The State=s appeal followed.  All four of
the State=s points
revolve around the trial court=s granting of Richardson=s motion to suppress.

III.  Motion to Suppress Standard of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  

Therefore, we give almost
total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor. Montanez
v. State, 195 S.W.3d 101, 108_09
(Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652_53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).

But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652B53. 








Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006). 
When the record is silent on the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, we imply
the necessary fact findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id.  We then review the trial court=s legal ruling de novo unless the implied fact findings supported by
the record are also dispositive of the legal ruling.  Id.

We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.

IV. Findings of Fact and
Conclusions of Law

In order to determine whether
to apply a de novo review, we must determine if the trial court made explicit
findings of fact and conclusions of law. 








After reviewing the record,
we hold that the trial court did not file explicit findings of fact or
conclusions of law nor did the State request them.  The only evidence offered at the hearing was
the testimony of Officer Vasquez.  The
State argues that credibility is not at issue in this case and that therefore a
de novo standard of review should apply. 
We disagree.  Whether or not the
facts surrounding Richardson=s arrest rose to the level of probable cause to arrest involves an
application-of-law-to-fact question that turns on an evaluation of the
credibility and demeanor of Officer Vasquez and therefore deference will be
given to the trial court=s
ruling.  See Montanez, 195 S.W.3d
at 108_09; Johnson, 68 S.W.3d at 652_53; Ballman,
157 S.W.3d at 68.

We agree with the State that State
v. Bryant supports the proposition that dictated findings deserve the same
consideration afforded written findings of fact and conclusions of law.  See State v. Bryant, 161 S.W.3d 758,
761 (Tex. App.CFort Worth
2005, no pet.).  However, we hold Bryant
to be inapplicable under these facts. 
In Bryant, the court determined that de novo review was
proper because the facts of the case were explicitly undisputed.  See id.  Because the trial court believed the officer=s testimony but found the evidence legally insufficient to establish
reasonable suspicion, the trial court=s ruling was an application of law to fact that did not turn on the
credibility and demeanor of the witness. 
See id.

Here, no such determination
was made.  The record does not explicitly
state that the trial court accepted Officer Vasquez=s version of the facts.  Officer
Vasquez testified that Richardson, upon seeing the officers, made Aa motion to toss in [sic] a lit cigarette, the remains of a lit
cigarette.@  On cross-examination he conceded it was a
small piece of paper, not burning, and not hot to the touch.  Later, the following exchange took place on
cross- examination:








A:
[Richardson] was right there with the marijuana.  His hand      went
right over it.

Q:
Now let me ask you: Before you said that the marijuana was in between this
other fellow=s
feet; is that correct?

 

A: That=s correct.  That=s correct.

Q: So his hand didn=t go over the marijuana, did it?

A: You are right.  You are right.

Additionally, Officer Vasquez testified as follows:

A:
The reason he was - - we placed him under arrest, was for the close proximity
of him having knowledge on the stairway. 
And when he threw the little paper remains, I smelled marijuana, is the
reason why he was arrested.

 

Q: Was that piece of paper -
-

A:
That piece of paper didn=t
have nothing to do with it.  It was him
reaching and knowing, having the knowledge of him with the marijuana right
there. 

 

The
trial court is in the best position to judge the credibility and demeanor of
the witnesses at a pretrial suppression hearing.  State v. Cullen, 195 S.W.3d 696, 698
(Tex. Crim. App. 2006).  Accordingly,
because credibility was at issue we need not conduct a de novo review, and
deference will be given to the trial court=s decision.

                                                    

 








V.  Probable Cause

Under points one and two, the
State challenges the trial court=s granting of Richardson=s motion to suppress based on lack of probable cause to arrest.  Under the Fourth Amendment, a warrantless
arrest is unreasonable per se unless it fits into one of a Afew specifically established and well delineated exceptions.@  Minnesota v. Dickerson,
508 U.S. 366, 372, 113 S. Ct. 2130, 2135 (1993); Torres v. State, 182
S.W.3d 899, 901 (Tex. Crim. App. 2005). 
A police officer may arrest an individual without a warrant only if probable
cause exists with respect to the individual in question and the arrest falls
within one of the exceptions set out in the code of criminal procedure.  Torres, 182 S.W.3d at 901; see Tex. Code Crim. Proc. Ann. arts. 14.01B.04 (Vernon 2005).








Probable cause for a
warrantless arrest requires that the officer have a reasonable belief that,
based on facts and circumstances within the officer=s personal knowledge, or of which the officer has reasonably
trustworthy information, an offense has been committed.  Torres, 182 S.W.3d at 902.  Probable cause must be based on specific,
articulable facts rather than the officer=s mere opinion.  Id.; Ford
v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).  We use the Atotality of the circumstances@ test to determine whether probable cause existed for a warrantless
arrest.  Torres, 182 S.W.3d at
902.  

There is a significant
difference between the notion that there is probable cause to believe that
someone has committed an offense and probable cause to believe that this
particular person has committed an offense. 
Parker v. State, 206 S.W.3d 593, 597 (Tex. Crim. App. 2006).  Stated another way, probable cause to arrest
must Apoint like a beacon toward the specific person being arrested.@  Id.








Here, the specific,
articulable facts surrounding Richardson=s arrest were the odor of marijuana, Richardson=s proximity to contraband, and Richardson=s signaling to Jefferson that the police were present.  While Officer Vasquez testified that he saw
Richardson toss something, he acknowledged that that action played no part in
his decision to place Richardson under arrest. 
The fact that Officer Vasquez smelled the odor of marijuana around an
exterior stairwell does not by itself, rise to the level of probable cause to
believe that Richardson was in posssession of marijuana.  See id. at 598 (noting that marijuana
odor coming from an open-air area does not give officers probable cause to
arrest all those present for possession of marijuana).  A person=s mere proximity or propinquity to others independently suspected of
criminal activity does not, without more, give rise to probable cause.  See Ybarra v. Illinois, 444 U.S. 85,
91, 100 S. Ct. 338, 342 (1979).  

Although Richardson was in
close proximity to someone possessing marijuana, the facts did not Apoint like a beacon@ to Richardson as one in possession of marijuana.  See Parker, 206 S.W.3d at
597.  The trial court was in the best
position to determine if the facts rose to the level of probable cause and we
defer to its determination.  Points one
and two are overruled.

VI.  Totality of the Circumstances

Under point three the State
challenges the trial court=s application of the totality of the circumstances test.  We use the Atotality of the circumstances@ test to determine whether probable cause existed for a warrantless
arrest.  Torres, 182 S.W.3d at
902.  Because the trial court did not
make explicit findings of fact in this case, we review the evidence in a light
most favorable to the trial court=s ruling and assume that the trial court made implicit findings of
fact supported by the record.  See
Kelly, 204 S.W.3d at 818. 








Here, the officers smelled
the odor of marijuana in the air. 
Richardson  was near someone that
possessed marijuana.  Richardson tossed
some paper to the ground but the unrecovered paper, according to Officer
Vasquez=s testimony, had nothing to do with the decision to arrest
Richardson.  Richardson informed
Jefferson of the arrival of the police by pulling on his leg, and while the
State maintains that this was a furtive action, there is no evidence in the
record suggesting that Richardson=s actions were done stealthily. 

We see nothing in the trial
court=s ruling that indicates that the court did not consider the totality
of the circumstances with respect to its probable cause determination.  The record supports an implicit finding of
fact that, based on the totality of the circumstances, probable cause had not
been established with regard to Richardson. 
Point three is overruled.

VII.  Reasonableness








Under its final point the
State argues that Officer Vasquez=s conduct was reasonable under the U.S. Constitution and Article 1,
section 9 of the Texas Constitution. 
Generally, a warrantless arrest is, pursuant to the Fourth Amendment,
unreasonable per se unless the arrest fits into one of a Afew specifically defined and well delineated exceptions.@  Dickerson, 508 U.S. at 372, 113 S. Ct. at 2130. 
To pass constitutional muster, an arrest must be supported by probable
cause to believe that a particular person has committed or is committing an
offense.  Amores v. State, 816
S.W.2d 407, 411 (Tex. Crim. App. 1991). 
For purposes of warrantless arrests, state constitutional law provides a
defendant no greater protection than federal law.  State v. Kurtz, 152 S.W.3d 72, 88 n.27
(Tex. Crim. App. 2004).  The Atotality of the circumstances@ test applies in Texas for determining probable cause for a
warrantless search.  Amores, 816
S.W.2d at 413 (citing Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex.
Crim. App.), cert denied, 488 U.S. 848 (1988)).

For Officer Vasquez=s actions to have passed constitutional muster as reasonable, the
arrest must have been supported by probable cause.  See Amores, 816 S.W.2d at
413.  For the foregoing reasons the State
did not meet its burden of proving reasonableness because the State failed to
establish probable cause to arrest. 
Point four is overruled.

VIII.  Conclusion

Having overruled the State=s four points, we affirm the trial court=s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 15, 2007

 

 

    

 











[1] See
Tex. R. App. P. 47.4.





[2] The
third man at the scene was not arrested or charged, and his identity was
unknown to Officer Vasquez at trial.