COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-06-033-CR

THE STATE OF TEXAS STATE

V.

BYRON RICHARDSON APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In four points, Appellant the State of Texas appeals the trial court’s granting of Appellee Byron Richardson’s motion to suppress.  We affirm.

II.  Factual and Procedural Background

This is the case of the “roach” that got away.  On July 15
, 2005, Fort Worth Police Officer J. Vasquez and his partner visited the Villa Supreme Apartment complex in search of a wanted felon.  As the two officers advanced through the apartment grounds, they stumbled upon three men around an exterior stairway:  one standing at the bottom, one standing on the side (Richardson), and one in the middle of the stairway sitting down (Jefferson). Officer Vasquez testified that as he approached the stairway he smelled the odor of marijuana and saw Jefferson rolling a marijuana cigarette.  Officer Vasquez stated that he saw Richardson toss under the stairway what he thought to be the remains of a lit cigarette or “roach”.  Additionally, Officer Vasquez stated that as they approached he saw Richardson reach through the bars of the stairway and tug on Jefferson’s pant leg to announce the arrival of the police.

Richardson and Jefferson were immediately arrested for possession of marijuana.  The State stipulated that the arrest was warrantless.  Richardson was searched incident to arrest and was found to be in possession of approximately two ounces of marijuana.
(footnote: 2)  Richardson was charged by information with possession of marijuana under two ounces.  Richardson filed a motion to suppress the marijuana as the product of an illegal arrest.  At the hearing, Officer Vasquez testified that the “roach” he saw Richardson toss was “the remains of a lit cigarette.”  However, on cross-examination Officer Vasquez conceded that the object was merely paper, not warm to the touch, contained no marijuana, had nothing to do with why Richardson was arrested, and was not collected.  Officer Vasquez’s stated reasons for Richardson’s arrest were for his close proximity to and knowledge of the marijuana as well as the general odor of marijuana.

Following the hearing, the trial court granted Richardson’s motion to suppress.  The State’s appeal followed.  All four of the State’s points revolve around the trial court’s granting of Richardson’s motion to suppress.

III.  Motion to Suppress Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  

Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
Montanez v. State
, 195 S.W.3d 101, 108ཤྭ09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652ཤྭ53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).

But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652–53. 

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.  
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 
 
When the record is silent on the reasons for the trial court’s ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court’s ruling if the evidence, viewed in the light most favorable to the trial court’s ruling, supports those findings.  
Id
.  We then review the trial court’s legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.

IV. Findings of Fact and Conclusions of Law

In order to determine whether to apply a de novo review, we must determine if the trial court made explicit findings of fact and conclusions of law. 

After reviewing the record, we hold that the trial court did not file explicit findings of fact or conclusions of law nor did the State request them.  The only evidence offered at the hearing was the testimony of Officer Vasquez.  The State argues that credibility is not at issue in this case and that therefore a de novo standard of review should apply.  We disagree.
  Whether or not the facts surrounding Richardson’s arrest rose to the level of probable cause to arrest involves an application-of-law-to-fact question that turns on an evaluation of the credibility and demeanor of Officer Vasquez and therefore deference will be given to the trial court’s ruling.  
See 
Montanez
, 195 S.W.3d at 108ཤྭ09; 
Johnson
, 68 S.W.3d at 652ཤྭ53; 
Ballman
, 157 S.W.3d at 68.

We agree with the State that 
State v. Bryant
 supports the proposition that dictated findings deserve the same consideration afforded written findings of fact and conclusions of law.  
See State v. Bryant, 
161 S.W.3d 758, 761 (Tex. App.—Fort Worth 2005, no pet.).  However, we hold 
Bryant 
to be inapplicable under these facts
.  
In 
Bryant
, the court determined that de novo review was proper because the facts of the case were explicitly undisputed.  
See id.
  Because the trial court believed the officer’s testimony but found the evidence legally insufficient to establish reasonable suspicion, the trial court’s ruling was an application of law to fact that did not turn on the credibility and demeanor of the witness.  
See id.

Here, no such determination was made.  The record does not explicitly state that the trial court accepted Officer Vasquez’s version of the facts.  Officer Vasquez testified that Richardson, upon seeing the officers, made “a motion to toss in [sic] a lit cigarette, the remains of a lit cigarette.”  On cross-examination he conceded it was a small piece of paper, not burning, and not hot to the touch.  Later, the following exchange took place on cross- examination:

A: [Richardson] was right there with the marijuana.  His hand went right over it.

Q: Now let me ask you: Before you said that the marijuana was in between this other fellow’s feet; is that correct?

A: That’s correct.  That’s correct.

Q: So his hand didn’t go over the marijuana, did it?

A: You are right.  You are right.

Additionally, Officer Vasquez testified as follows:

A: The reason he was - - we placed him under arrest, was for the close proximity of him having knowledge on the stairway.  And when he threw the little paper remains, I smelled marijuana, is the reason why he was arrested.

Q: Was that piece of paper - -

A: That piece of paper didn’t have nothing to do with it.  It was him reaching and knowing, having the knowledge of him with the marijuana right there. 

The trial court is in the best position to judge the credibility and demeanor of the witnesses at a pretrial suppression hearing.  
State v. Cullen
, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006).  Accordingly, because credibility was at issue we need not conduct a de novo review, and deference will be given to the trial court’s decision.

V.  Probable Cause

Under points one and two, the State challenges the trial court’s granting of Richardson’s motion to suppress based on lack of probable cause to arrest.  
Under the Fourth Amendment, a warrantless arrest is unreasonable per se unless it fits into one of a “few specifically established and well delineated exceptions.”  
Minnesota v. Dickerson
, 508 U.S. 366, 372, 113 S. Ct. 2130, 2135 (1993); 
Torres v. State
, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005).  A police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question and the arrest falls within one of the exceptions set out in the code of criminal procedure.  
Torres
, 182 S.W.3d at 901; 
see
 
Tex. Code Crim. Proc. Ann.
 arts. 14.01–.04 (Vernon 2005).

Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer’s personal knowledge, or of which the officer has reasonably trustworthy information, an offense has been committed.  
Torres
, 182 S.W.3d at 902.  Probable cause must be based on specific, articulable facts rather than the officer’s mere opinion.  
Id
.; 
Ford v. State
, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).  We use the “totality of the circumstances” test to determine whether probable cause existed for a warrantless arrest.  
Torres
, 182 S.W.3d at 902.
  

There is a significant difference between the notion that there is probable cause to believe that someone has committed an offense and probable cause to believe that 
this particular person
 has committed an offense.  
Parker v. State
, 206 S.W.3d 593, 597 (Tex. Crim. App. 2006).  Stated another way, probable cause to arrest must “point like a beacon toward the specific person being arrested.”  
Id.

Here, the specific, articulable facts surrounding Richardson’s arrest were the odor of marijuana, Richardson’s proximity to contraband, and Richardson’s signaling to Jefferson that the police were present.  While Officer Vasquez testified that he saw Richardson toss something, he acknowledged that that action played no part in his decision to place Richardson under arrest.  The fact that Officer Vasquez smelled the odor of marijuana around an exterior stairwell does not by itself, rise to the level of probable cause to believe that Richardson was in posssession of marijuana.  
See id. 
at 598 (noting that marijuana odor coming from an open-air area does not give officers probable cause to arrest all those present for possession of marijuana).  A person’s mere proximity or propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause.  
See Ybarra v. Illinois
, 444 U.S. 85, 91, 100 S. Ct. 338, 342 (1979).  

Although Richardson was in close proximity to someone possessing marijuana, the facts did not “point like a beacon” to Richardson as one in possession of marijuana.  
See
 
Parker,
 206 S.W.3d at 597.  The trial court was in the best position to determine if the facts rose to the level of probable cause and we defer to its determination.  Points one and two are overruled.

VI.  Totality of the Circumstances

Under point three the State challenges the trial court’s application of the totality of the circumstances test.  
We use the “totality of the circumstances” test to determine whether probable cause existed for a warrantless arrest.  
Torres
, 182 S.W.3d at 902.
  Because the trial court did not make explicit findings of fact in this case, we review the evidence in a light most favorable to the trial court’s ruling and assume that the trial court made implicit findings of fact supported by the record.  
See
 
Kelly
, 204 S.W.3d at 818.
 

Here, the officers smelled the odor of marijuana in the air.  Richardson  was near someone that possessed marijuana.  Richardson tossed some paper to the ground but the unrecovered paper, according to Officer Vasquez’s testimony, had nothing to do with the decision to arrest Richardson.  Richardson informed Jefferson of the arrival of the police by pulling on his leg, and while the State maintains that this was a furtive action, there is no evidence in the record suggesting that Richardson’s actions were done stealthily. 

We see nothing in the trial court’s ruling that indicates that the court did not consider the totality of the circumstances with respect to its probable cause determination.  The record supports an implicit finding of fact that, based on the totality of the circumstances, probable cause had not been established with regard to Richardson.  Point three is overruled.

VII.  Reasonableness

Under its final point the State argues that Officer Vasquez’s conduct was reasonable under the U.S. Constitution and Article 1, section 9 of the Texas Constitution.  Generally, a warrantless arrest is, pursuant to the Fourth Amendment, unreasonable per se unless the arrest fits into one of a “few specifically defined and well delineated exceptions.”
  Dickerson
, 508 U.S. at 372, 113 S. Ct. at 2130.  To pass constitutional muster, an arrest must be supported by probable cause to believe that a particular person has committed or is committing an offense. 
 Amores v. State
, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991).  For purposes of warrantless arrests, state constitutional law provides a defendant no greater protection than federal law. 
 State v. Kurtz
, 152 S.W.3d 72, 88 n.27 (Tex. Crim. App. 2004).  The “totality of the circumstances” test applies in Texas for determining probable cause for a warrantless search.  
Amores
, 816 S.W.2d at 413 (citing 
Eisenhauer v. State
, 754 S.W.2d 159, 164 (Tex. Crim. App.), 
cert denied
, 488 U.S. 848 (1988)).

For Officer Vasquez’s actions to have passed constitutional muster as reasonable, the arrest must have been supported by probable cause.  
See
 
Amores
, 816 S.W.2d at 413.  For the foregoing reasons the State did not meet its burden of proving reasonableness because the State failed to establish probable cause to arrest.  Point four is overruled.

VIII.  Conclusion

Having overruled the State’s four points, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 15, 2007

    

 

FOOTNOTES
1: 
See
 
Tex. R. App. P.
 47.4.

2: The third man at the scene was not arrested or charged, and his identity was unknown to Officer Vasquez at trial.