

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-16-00158-CR, 07-16-00159-CR

CHELSEA MARIE GILBERT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 2
Tarrant County, Texas[1]
Trial Court Nos. 1405019, 1405032, Honorable Carey Frank Walker, Presiding

November 22, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

After her motions to suppress were denied by the trial court, appellant, Chelsea Marie Gilbert, entered open pleas of guilty to charges of driving while intoxicated, possession of marijuana in an amount under two ounces, and criminal mischief.[2] The trial court entered judgment finding appellant guilty of driving while intoxicated (appellate cause no. 07-16-00158-CR) and sentencing her to incarceration for 180 days, and a

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] Appellant's appeal does not address the criminal mischief charge.

$500 fine.  The sentence of incarceration was suspended and appellant was placed on community supervision for a period of eighteen months.  Appellant also appeals the trial court's deferral of adjudication on the charge of possession of marijuana (appellate cause no. 07-16-00159-CR) and order that appellant complete a twelve-month term of community supervision.  By her appeal, appellant challenges the trial court's denial of her motions to suppress.  We will affirm the judgment of the trial court.

## Factual and Procedural Background

While on patrol just before midnight on January 19, 2015, Officer Cleburne Eardley of the Tarrant County Sheriff's Office noticed a car parked in a church parking lot.  Because it was a cold and dark night and the parking lot was located in a high crime area, Eardley decided to investigate.  Eardley parked his patrol car approximately twenty feet behind the vehicle in a manner that did not block in the vehicle.  He activated his overhead lights for a short period of time as a means to activate the in-dash camera in his patrol vehicle but turned them off before approaching the vehicle.  Eardley did, however, position his spotlight in such a manner that it illuminated the cab of the vehicle.  He approached the open driver's side window and asked if everything was alright.  Appellant, who was in the driver's seat of the vehicle, said that she was checking her GPS.  Eardley asked appellant and her passenger for identification.  When he smelled the strong odor of alcohol emanating from appellant, Eardley had appellant perform field sobriety tests.  Based on her performance on the field sobriety tests, Eardley arrested appellant.[3]

---

[3] Presumably, the marijuana was discovered in the search incident to arrest.  However, this fact was not developed during the suppression hearing or the plea proceedings.

Appellant moved to suppress all evidence obtained as a result of the interaction with Eardley on the basis that there was no reasonable suspicion to detain her and community caretaking would not justify the encounter. After hearing the testimony of Eardley and appellant's passenger, the magistrate court that heard the matter denied the motion. When appellant orally asked the magistrate court for findings of fact and conclusions of law, the court stated,

> Well, based upon the testimony of the officer at night, time of day, empty parking lot, there is absolutely no reason the officer does not have the right to approach that vehicle either for a short investigative detention or for a public caretaking function to check upon the safety of the vehicles. That's my findings of fact and conclusion of law.

Appellant moved the trial court to modify, correct, reject, and reverse the magistrate's decision. At the subsequent hearing, the trial court adopted the ruling of the magistrate denying the motion to suppress.[4]

After the trial court denied appellant's motion, appellant entered open pleas of guilty to each of the charged offenses. Following a brief hearing, the trial court found appellant guilty of driving while intoxicated and deferred adjudication of guilt on the possession of marijuana charge. The trial court also certified appellant's right to appeal in each cause and appellant timely filed the instant appeals.

---

[4] While the trial court stated that it adopted the findings of the magistrate, a review of the magistrate's statement makes clear that it does not include any findings of fact but, rather, makes conclusions of law that Eardley's interaction with appellant was justified as community caretaking or detention based on reasonable suspicion. As such, we will not treat this case as one in which the trial court made findings of fact and conclusions of law.

3

Appellant's sole issue on appeal contends that the trial court erred when it denied appellant's motion to suppress evidence obtained from her unlawful detention by law enforcement.

## Standard of Review

An appellate court reviews a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). We must give almost total deference to a trial court's determination of historical facts supported by the record and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but review de novo the trial court's application of the law to the facts. *See id.*; *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). When, as here, the trial court does not make findings of fact,[5] we are to infer the necessary factual findings that support the trial court's ruling if the evidence, viewed in the light most favorable to the ruling, supports the implied fact findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

## Applicable Law

The Fourth Amendment of the United States Constitution and Article I, Section 9, of the Texas Constitution protect citizens against unreasonable searches and seizures by government officials. *See Terry v. Ohio*, 392 U.S. 1, 20, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *Franks v. State*, 241 S.W.3d 135, 141 (Tex. App.—Austin 2007, pet. ref'd). The Texas Court of Criminal Appeals has recognized three categories of interactions between police and citizens: arrests, investigative detentions, and encounters. *State v.*

---

[5] *See* n.4.

4

*Perez*, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002). Unlike arrests and investigative detentions, which constitute seizures, an encounter is a consensual interaction which the citizen may terminate at any time. *State v. Bryant*, 161 S.W.3d 758, 761 (Tex. App.—Fort Worth 2005, no pet.); *see Gurrola v. State*, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994) (en banc). So long as the person remains free to disregard the officer's questions and go about his business, the encounter is consensual and no seizure has occurred. *See Gurrola*, 877 S.W.2d at 302. In determining whether the police exercised sufficient force or authority to constitute a seizure, the totality of the police conduct must be considered. *See Garcia-Cantu*, 253 S.W.3d at 243-44. A court must "step into the shoes of the defendant" to assess whether, from an objective perspective, the defendant would have felt free to leave. *Id.* at 244. The subjective intent or motivations of the police officer is not taken into account when considering the totality of the circumstances. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).

Analysis

The facts, when viewed in the light most favorable to the trial court's ruling, establish that Eardley's initial approach was a consensual encounter. Appellant's vehicle was parked in a church parking lot near midnight. *See Merideth v. State*, 603 S.W.2d 872, 873 (Tex. Crim. App. [Panel Op.] 1980) (no detention for officer to approach and knock on window of parked vehicle). Eardley pulled his vehicle behind appellant's vehicle in a manner that did not block appellant's vehicle from being able to exit. *See Franks*, 241 S.W.3d at 142 (no detention when police did not block avenue of exit). Eardley activated his overhead lights for no longer than twenty seconds but turned them off before approaching appellant's vehicle. *See Martin v. State*, 104

5

S.W.3d 298, 301 (Tex. App.—El Paso 2003, no pet.) (no detention when officer activated overhead lights before approaching citizen).[6] Eardley walked to the opened driver's side window of appellant's vehicle and asked if anything was wrong and if he could see identification from the occupants. *See State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011) (no detention for officer to request identification and information from a citizen in a public place). Looking at the totality of the circumstances, we conclude that, from an objective perspective, appellant would have felt free to leave. *See Garcia-Cantu*, 253 S.W.3d at 244. As such, this interaction between Eardley and appellant was an encounter rather than a seizure and, consequently, does not warrant constitutional analysis. *See Bryant*, 161 S.W.2d at 761.

Once Eardley began speaking to appellant, he smelled the strong odor of alcohol emanating from appellant. As a result, Eardley had appellant perform standardized field sobriety tests. Based on her results on these tests, Eardley arrested appellant for suspicion of driving while intoxicated. Appellant does not challenge Eardley's authority to perform the standardized field sobriety tests[7] nor her subsequent arrest. As such, we do not address that issue.

---

[6] In its analysis, *Martin* quotes *State v. Baldonado*, 115 N.M. 106, 847 P.2d 751, 754 (N.M. Ct. App. 1992), for the proposition that,

> We can conceive of many situations in which people in stopped cars approached by officers flashing their lights would be free to leave because the officers would be simply communicating with them to ascertain that they are not in trouble. Under such circumstances, depending on the facts, the officers may well activate their emergency lights for reasons of highway safety or so as not to unduly alarm the stopped motorists.

*See Martin*, 104 S.W.3d at 301.

[7] In *Zamora v. State*, No. 04-09-00722-CR, 2010 Tex. App. LEXIS 8934, at *5-6 (Tex. App.—San Antonio Nov. 10, 2010, no pet.) (mem. op., not designated for publication), the court held that the odor of alcohol and bloodshot eyes were sufficient articulable facts establishing reasonable suspicion to justify the officer having the defendant perform field sobriety tests.

## Conclusion

For the foregoing reasons, we conclude that the trial court did not err in denying appellant's motion to suppress evidence.  We overrule appellant's sole issue and affirm the judgments of the trial court.

Mackey K. Hancock
Justice

Do not publish.