**Ronald Lee MERIDETH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60205.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 18, 1980.

Rehearing Denied Sept. 17, 1980.

Stanley I. Weinberg, Dallas, for appellant.

Henry M. Wade, Dist. Atty. and T. Michael Sutton, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the misdemeanor offense of possession of less than two ounces of marihuana. The punishment is a fine of $150.00.

Appellant first contends that the marihuana was discovered pursuant to an unlawful search and seizure. Appellant also contends there was insufficient evidence to establish that he had possession of the marihuana.

At 3:00 a.m. on the morning of February 27, 1977, Officer Kocik, a Mesquite police officer, received a radio call to investigate the appearance of several people around some parked cars in an apartment complex's parking lot. The police had been receiving burglary calls in that area on a regular basis. When Kocik drove into the parking lot he observed the appellant and a female seated in a pickup truck. Officer Kocik stepped out of his vehicle and approached the pickup. He was unable to see through the rear window so he went up to the door on the driver's side and knocked on the window. The appellant opened the door and Officer Kocik detected the odor of marihuana. The officer by the light of his flashlight observed a smoky haze and a handrolled cigarette butt in the ashtray. Kocik then seized the cigarette butt and in the process also discovered a full handrolled cigarette in the bottom of the ashtray. This was also seized and appellant and his passenger were placed under arrest. Officer Kocik inventoried the truck prior to having it impounded and found a plastic baggie containing marihuana. The appellant admitted that the truck was his.

■ Appellant contends that this was an "investigative stop" and that there was no information available to justify the intrusion. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We disagree. This was not an investigative stop. The appellant was not "stopped" by the officer nor was the appellant detained in any manner by the officer until the marihuana was discovered. *Imhoff v. State*, 494 S.W.2d 919 (Tex.Cr.App. 1973). The officer was in a location where he had a legal right to be and he observed the cigarette butt in plain view. Therefore, there was no search and seizure; the marihuana cigarettes found in the ashtray were lawfully obtained. *Casarez v. State*, 504 S.W.2d 847 (Tex.Cr.App.

1974); *In the Matter of A.A.A.*, 528 S.W.2d 337 (Tex.Civ.App. 1975). The baggie with the marihuana was discovered because of an inventory of appellant's pickup before it was to be impounded. This search was proper. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The evidence was properly admitted; appellant's ground of error is overruled.

■ Appellant's second contention is that the evidence is insufficient to show that he exercised care, control and management over the marihuana and that he had knowledge that it was contraband. The evidence shows that the pickup contained a smoky haze and a strong odor of burning marihuana; marihuana cigarettes were in the ashtray in plain view; appellant was the owner of the pickup truck; he was sitting on the driver's side and was sluggish in his speech. This evidence is sufficient to establish possession of marihuana. *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App. 1977); *Dabbs v. State*, 507 S.W.2d 567 (Tex.Cr.App. 1974); *Abron v. State*, 531 S.W.2d 643 (Tex.Cr. App. 1976); *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App. 1978); *Wiersing v. State*, 571 S.W.2d 188 (Tex.Cr.App. 1978); *Woods v. State*, 533 S.W.2d 16 (Tex.Cr.App. 1976).

The judgment is affirmed.

PHILLIPS, Judge, concurring.

The majority errs when it states that this case does not involve an investigative stop. Officer Kocik drove to the parking lot with the express purpose of investigating suspicious activity occurring there. He saw appellant and a companion seated in a pickup. He approached the two in the pickup because, in his own words: ". . . there are burglary calls that are almost on a regular basis, and with the hour of the morning and people moving around, I felt somebody needed to go investigate to find out who they were, why they were there, where they belonged."

Contrary to the majority's position, it does not matter in the least that appellant already was physically "stopped" when Ko-

cik approached him. A stop occurs when someone is approached and detained for investigative purposes, whether that person is moving or stationary when approached. Furthermore, the majority is incorrect when it says that appellant was· not detained until the marihuana was discovered. Even if no marihuana had been discovered Kocik undoubtedly would have detained appellant in order to investigate his presence in the parking lot. This was an investigative stop. See *Ebarb v. State,* 577 S.W.2d 277 (Opinion on State's Motion for Rehearing).

I concur in the result because Kocik had sufficient reason to make the stop. The apartment complex was in a high–crime area, and Kocik just had received from his sergeant a report of suspicious activity. It was 3:00 in the morning. When appellant opened the door in response to Kocik's knock, Kocik smelled marihuana. By the light of his flashlight, in plain view, Kocik saw the butts of several hand–rolled cigarettes. At that point Kocik had probable cause to arrest appellant for possession of marihuana.

I concur in the result.