Date issued February 13, 2003













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01133-CR




RAYMOND ARCENEAUX, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 873135




MEMORANDUM OPINION
          Raymond Arceneaux, Jr., appellant, was charged with possession of
phencyclidine (“PCP”


) weighing more than four grams and less than 200 grams, a
second degree felony punishable by imprisonment for no more than 20 years and no
less than two years and a fine of no more than $10,000.


 Appellant moved to
suppress the evidence, and the trial court denied the motion. The jury found appellant
guilty and the enhancement paragraph true. The trial court assessed punishment at
17 years’ confinement and a $1,000 fine. We affirm. 
Facts
          On March 29, 2001, Houston Police Officer Mike Burdick, a plain-clothes
undercover officer, was driving his car near Rosewood Park. Burdick heard loud
music and noticed several cars and men blocking the street. Because the area has a
gang called the Rosewood Boys, Burdick contacted officers in marked patrol cars to
investigate and to tell the men to turn down the music. Burdick testified that the one
car blocking the street drove away when the marked patrol car arrived and that
appellant’s car was not blocking the street. 
          Houston Police Officers Eric Newman and Noey Hernandez responded to
Burdick’s call. Newman testified that the park was a local hangout for a gang and
that the park was “very high in narcotics activity.” When Newman arrived at the
park, he began to secure the area by asking persons to place their hands on his patrol
car and, if they were seated in a car, to get out of their car. The officers identified all
of the people in the park and patted them down. About 10 persons were suspected
of gang activity, narcotics activity, or traffic violations.
          Newman saw appellant sitting in his car with the window up and asked him to
get out of the car. Newman was trying to identify appellant to ensure the officers’
safety. When appellant opened his car door, Newman smelled an extremely strong
chemical odor that, from his experience, he recognized as PCP. Newman also saw
a vanilla extract bottle, commonly used to hold PCP, on the floorboard. Newman did
not place appellant under arrest when appellant initially got out of the car. Newman
patted down appellant and then put appellant into the back of his patrol car. Burdick
was called to the park to provide help because there were only two uniformed officers
at the scene. Burdick and Newman inventoried appellant’s car. Newman found
marihuana cigarettes in appellant’s car, prescription bottles with other people’s names
on them, and two additional vanilla extract bottles under appellant’s seat. Marihuana
was also found both inside the car and on the ground outside the car within the crime
scene. Newman bagged and tagged all items inventoried. K.K. Alexander of the
Houston Police Department Crime Laboratory testified that he tested the evidence
found in appellant’s car and found 18.8 grams of PCP.
          Gary Ball, Christopher Jones, Gabriel Norris, James Washington, Randy Jones,
Jerimiya Washington, Joseph Taylor, Lester Walker, III, Jason Phillips, and Doniano
Jernigan testified that appellant was not in his car when the officers arrived at the
park. Ball, Jones, Norris, and Taylor also testified that the officers made them get on
their knees. Norris stated that he had talked to Jones and Ball about what they had
testified to and what questions they were asked. Ball testified that no one had any
alcohol or drugs at the park; and Taylor testified that appellant did not have any
drugs. All of the appellant’s witnesses denied any knowledge of the gang, Rosewood
Boys, although Norris has a tattoo on his arm that says Rosewood and has a
tombstone with “tombstone life” written on it. 
Motion to Suppress
          In his sole point of error, appellant argues that the trial court erred in admitting
evidence found in his car over his timely objection that his detention was illegal. He
asserts that the seizure of evidence from his car was the fruit of an illegal
investigatory detention not supported by reasonable suspicion.
Standard of Review
          We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor
v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The
Court will afford almost total deference to a trial court’s determination of historical
facts that the record supports, especially when the findings are based on the
evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). The fact finder is the sole judge of the witnesses’ credibility and
may accept or reject any or all of the witnesses’ testimony. Taylor, 945 S.W.2d at
297. However, when, as here, we are reviewing a mixed question of law and fact, we
conduct a de novo review. Guzman, 955 S.W.2d at 89. 
          A police officer may briefly stop a suspicious individual to determine his
identity or to maintain the status quo momentarily while obtaining more information. 
Gurrola v. State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). An investigatory
detention does not occur when an officer merely approaches a parked car in a public
place and knocks on the window. Merideth v. State, 603 S.W.2d 872, 873 (Tex.
Crim. App. 1980); Ashton v. State, 931 S.W.2d 5, 7 (Tex. App.—Houston [1st Dist.]
1996, pet. ref’d). Investigative detentions must be reasonably related in scope to the
circumstances that justified the interference in the first place. State v. Cardenas, 36
S.W.3d 243, 246 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). To justify an
intrusion, the officer must have specific, articulable facts which, in light of his
experience and personal knowledge, together with inferences from those facts,
reasonably warrant the intrusion on the freedom of the citizen detained for further
investigation. Martinez v. State, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d) (citing Terry v. Ohio, 392 U.S. 1, 21 (1968)). 
          This case is controlled by Merideth, in which the Texas Court of Criminal
Appeals held that an investigative stop did not occur when an officer approached a
parked car in a public place and knocked on the window; rather the stop and detention
did not occur until the odor of marihuana was detected. See Merideth, 603 S.W.2d
at 873; see also Sandoval v. State, 860 S.W.2d 255, 259 (Tex. App.—Houston [1st
Dist.] 1993, pet. ref’d) (holding that the search and seizure was justified following the
detection of a marihuana odor). We hold that the trial court did not abuse its
discretion in admitting the evidence and denying appellant’s motion to suppress.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.