**AFFIRM; and Opinion Filed May 17, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-11-01346-CR
No. 05-11-01347-CR
No. 05-11-01348-CR

**SPENCE TATE BRENNAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause Nos. 005-80080-2011, 005-82024-2011, 005-80214-2011**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice O'Neill

Appellant Spence Tate Brennan appeals his conviction for driving while intoxicated, and two orders placing him on deferred adjudication community supervision for possession of a controlled substance. On appeal, appellant asserts the trial court erred in denying his pretrial motion to suppress evidence.

Appellant filed a pretrial motion to suppress contending he was arrested without a warrant or probable cause. The trial court held a hearing on the motion. At the hearing, Plano Police Office Raymond Yokel testified he observed appellant at about 2 a.m. driving a red Dodge pickup truck on Highway 75. Yokel stated that appellant was driving very slowly and weaving within his lane. Appellant exited Highway 75 at 15th Street and Yokel began to follow

him. Yokel did not activate his emergency lights or his siren. Appellant turned onto 14th street, and pulled over to the side of the road, stopping in front of what appeared to be a used car or rental car facility. Yokel parked his vehicle behind appellant's truck, without activating his overhead lights or blocking him in. Yokel exited his vehicle and approached appellant's pickup. As Yokel walked toward the pickup, appellant revved his engine real hard and the truck surged. Yokel proceeded cautiously. Appellant opened his car door when Yokel reached the car. Appellant asserts, at that moment, Yokel had illegally detained him. He asserts because this detention was without reasonable suspicion or probable cause, the trial court erred in failing to suppress all evidence obtained thereafter.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, No. PD–0388–12, 2013 WL 1438172, at \*2 (Tex. Crim. App. Apr. 10, 2013); *Valtierra v. State*, 310 S.W.3d 442, 447-48 (Tex. Crim. App. 2010). We review the trial court's factual findings under an abuse of discretion standard, but review the trial court's application of law to the facts de novo. *Turrubiate,* 2013 WL 1438172, at \*2. When the trial court does not make explicit findings of fact, we infer the necessary factual findings that support the trial court's ruling if the evidence (viewed in the light most favorable to the ruling) supports these implied fact findings. *Id.* We afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when its findings are based on an evaluation of credibility and demeanor. *Id.*

An officer may initiate a consensual encounter with a citizen without any objective justification, and the citizen is free to terminate the encounter at will. *State v. Castleberry,* 332 S.W.3d 460, 466 (Tex. Crim. App. 2011). An encounter takes place when an officer approaches a citizen in a public place, asks questions, and the citizen willingly listens and answers. *Crain v. State,* 315 S.W.3d 43, 49 (Tex. Crim. App. 2010). An officer is as free as anyone to stop and

–2–

question a fellow citizen and may, without reasonable suspicion, request identification and information from a citizen. *Castleberry,* 332 S.W.3d at 466.

In this issue, appellant complains the trial court erred in denying his motion to suppress because there was no reasonable suspicion for Yokel to "make contact" with and detain appellant. Initially, we note there is no requirement for an officer to have reasonable suspicion to "make contact" with a defendant. We further conclude that Yokel had not detained appellant at the time appellant asserts he was seized. The evidence presented at the hearing showed Yokel was following appellant's vehicle without his emergency lights or siren activated when appellant stopped of his own volition and pulled over to the side of the road. After appellant stopped, Yokel stopped behind appellant, not blocking him, got out of his car and approached. Yokel still did not activate his emergency lights. When Yokel approached appellant's truck, he did not display his gun or any other weapon. Nor did he issue any commands or requests. A police officer approaching a parked vehicle does not constitute a seizure and need not be supported by reasonable suspicion or probable cause. *Merideth v. State*, 603 S.W.2d 872, 873 (Tex. Crim. App. 1980); *State v. Priddy,* 321 S.W.3d 82, 88 (Tex. App.—Fort Worth 2010, pet. ref'd). Because appellant had not been seized when Yokel approached his vehicle, the trial court did not err in denying his motion to suppress. *Priddy*, 321 S.W.3d at 88.

We affirm appellant's conviction and the orders placing appellant on deferred adjudication community supervision.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111346F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SPENCE TATE BRENNAN, Appellant

No. 05-11-01346-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 5, Collin County, Texas
Trial Court Cause No. 005-80080-2011.
Opinion delivered by Justice O'Neill.
Justices Bridges and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of May, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SPENCE TATE BRENNAN, Appellant

No. 05-11-01347-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-82024-2011.
Opinion delivered by Justice O'Neill.
Justices Bridges and Murphy participating.

Based on the Court's opinion of this date, the trial court's order is **AFFIRMED**.

Judgment entered this 17th day of May, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SPENCE TATE BRENNAN, Appellant

No. 05-11-01348-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas

Trial Court Cause No. 005-80214-2011.

Opinion delivered by Justice O'Neill.

Justices Murphy and Lewis participating.

Based on the Court's opinion of this date, the trial court's order is **AFFIRMED**.

Judgment entered this 17th day of May, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL

JUSTICE