**Affirmed and Opinion Filed July 3, 2013**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-12-00518-CR

**CHRISTOPHER THOMAS BASINGER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-11-386**

## OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

Appellant pleaded guilty to possession of a controlled substance — cocaine, and the trial court assessed punishment at three years' deferred adjudication. In a single issue on appeal, appellant argues the trial court erred in denying his motion to suppress because his admission that there was cocaine in his vehicle and the cocaine that was seized were tainted fruits of an illegal detention. Finding no reversible error, we affirm the trial court's order denying appellant's motion to suppress.

## BACKGROUND

On March 30, 2011, Officer Bruce Richardson with the Rowlett Police Department was on bicycle patrol in a residential neighborhood. Officer Richardson testified that there had been several arsons in the area that were being investigated and frequent burglaries of vehicles that

occurred late at night. Conducting his patrol of the neighborhood on a bike allowed Officer Richardson to patrol more effectively because a bike is more "stealthy" than a car.

At around 2:00 a.m., Officer Richardson was patrolling a residential alleyway and noticed a red pickup truck parked in the alleyway at the end of a driveway. Officer Richardson observed someone moving around in the cab of the truck. The individual, who was later identified as appellant, was leaning over into the passenger compartment and reaching behind the passenger side front seat. The garage door of the residence and the doors to the truck were closed. Because of the time of day and his knowledge of the fact that most of the neighborhood residents tended to be asleep at that time, the officer suspected criminal activity. Officer Richardson monitored the truck for about ninety seconds. He either contacted dispatch to begin checking the license plate as he observed the truck or as he approached the truck. Then, appellant exited the vehicle and the officer made contact with him at the door of the truck, or the officer made contact with appellant while he was still seated in the truck.[1] When appellant exited, the officer made contact with appellant and identified himself as a police officer. Almost immediately upon contact with appellant, the officer detected an odor of alcohol on appellant's breath and person. Officer Richardson asked appellant his name and if he had consumed alcohol. Appellant stated that he had consumed two drinks and volunteered that there were additional containers of alcohol in the vehicle that belonged to a friend of his. Appellant had a "youthful appearance," and a computer check verified that he was a minor. The officer then inquired as to whether appellant had anything else in the vehicle the officer needed to know about. Appellant initially responded in the negative.

---

[1] There is some discrepancy in the record as to these particular facts.

After conversing with appellant at the door of the truck, the officer requested that appellant sit on the tailgate. The officer asked appellant if he could search the vehicle and appellant consented. Then, before the officer conducted the search, appellant told the officer that there was a small bag of cocaine in the truck. Officer Richardson searched the truck and retrieved a small bag of what was later identified as cocaine. Appellant was arrested for possession of a controlled substance, and Officer Richardson made arrangements for him to be transported to the police station.

Defense counsel moved to suppress evidence of the controlled substance discovered in appellant's vehicle. Specifically, counsel argued that the arrest, search, and seizure were without probable cause and therefore all of the evidence seized should be excluded. At the hearing on the motion to suppress, the State did not dispute that appellant's arrest was made without a warrant. When the hearing concluded, the trial court denied the motion to suppress and made written findings of fact and conclusions of law, including an express finding that Officer Richardson was credible. It is from the denial of the motion to suppress that appellant now appeals.

**ANALYSIS**

In a single issue on appeal, appellant asserts the trial court erred in denying his motion to suppress. The essence of appellant's argument is that the officer lacked reasonable suspicion to detain him. Therefore, according to appellant, his consent to search is the tainted fruit of an illegal detention. Appellant further asserts that his admission that there was cocaine in the car is the "tainted fruit of the tainted consent." We are not persuaded by appellant's argument.

In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Wilson v. State*, 311 S.W.3d 452, 457–58 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Although we give almost total deference to

the trial court's determination of historical facts, we conduct a de novo review of the trial court's application of the law to those facts. *Wilson*, 311 S.W.3d at 458; *Carmouche*, 10 S.W.3d at 327. All purely legal questions are reviewed de novo, including the application of the law of search and seizure. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

At the suppression hearing, the trial judge is the sole trier of fact and exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Guzman v State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Unless the trial court abuses its discretion by making a finding unsupported by the record, we defer to the trial court's findings of fact and will not disturb them on appeal. *State v. Johnson*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011).

We begin our inquiry by examining whether the record supports the conclusion that Officer Richardson had reasonable suspicion to detain appellant. The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution protect individuals against unreasonable searches and seizures. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *Mincey v. Arizona*, 437 U.S. 385, 390 (1978); *Luna v. State*, 268 S.W.3d 594, 603 (Tex. Crim. App. 2008). An officer may conduct a brief investigative detention, or *Terry* stop, when he has reasonable suspicion to believe that the person is involved in criminal activity. *Ornelas v. United States*, 517 U.S. 690, 693 (1996); *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). An investigative detention allows a law enforcement officer to detain a person for a period of time only long enough for the law enforcement officer to confirm or dispel his reasonable suspicion of criminal activity. *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995).

Because an investigative detention is a seizure that implicates the United States and Texas constitutions, the detention must be reasonable. *See* U.S. CONST. amend. IV; TEX. CONST.

–4–

art. I, § 9. To determine the reasonableness of an investigative detention, we conduct the inquiry set forth by the United States Supreme Court in *Terry v. Ohio*: (1) whether the officer's action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. *Terry*, 392 U.S. at 19–20; *Davis v. State*, 47 S.W.2d 240, 242 (Tex. Crim. App. 1997).

Under the first part of the inquiry, an officer's reasonable suspicion justifies an investigative detention. *Davis*, 947 S.W.2d at 242–43. Specifically, the officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred. *Id*. at 244 (citing *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989)). An officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude the person detained is, has been, or soon will be engaged in criminal activity. *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). This is an objective standard. *Id*. A detention that is not based on reasonable suspicion is not reasonable, and therefore violates the Fourth Amendment. *See Davis*, 977 S.W.2d at 243.

Under the second part of the inquiry, the "investigative stop can last no longer than necessary to effect the purpose of the stop." *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). The issue is "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *Id*. at 64–65 (quoting *United States v. Sharpe*, 470 U.S. 675, 685–86 (1985)). The reasonableness of the temporary detention is examined based on the totality of the circumstances, and an officer must point to specific articulable facts that, when combined with rational inferences from those facts, lead him to reasonably suspect that a specific person has

engaged, or soon would engage, in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

Here, it is important to note at the outset that the officer did not initiate a stop of appellant's vehicle. Regardless of whether the officer requested that appellant exit the vehicle or he exited of his own accord, it is undisputed that the vehicle was parked in the driveway and the engine was not running. A police officer approaching a parked vehicle does not constitute a seizure and need not be supported by reasonable suspicion or probable cause. *Merideth v. State*, 603 S.W.2d 872, 873 (Tex. Crim. App. 1980); *State v. Priddy*, 321 S.W.3d 82, 88 (Tex. App.— Fort Worth 2010, pet. ref'd). Moreover, law enforcement officers are permitted to approach individuals without probable cause or reasonable suspicion to ask questions or even to request a search. *See Florida v. Royer*, 460 U.S. 491, 497–98 (1983); *State v. Velasquez*, 994 S.W.2d 676, 678 (Tex. Crim. App. 1999).

Appellant insists that after the officer initially approached him to investigate a potential burglary of a motor vehicle, continued detention was unlawful because it exceeded the time necessary to verify the ownership of the motor vehicle. But it is well established that further detention is permissible if there is reasonable suspicion of criminal activity. *See James v. State*, 102 S.W.3d 162, 173 (Tex. App.—Fort Worth 2003, pet. ref'd).

Although the officer's suspicions were initially aroused because of the lateness of the hour, recent crime in the area, and appellant's movements in the parked truck, when the officer made contact with appellant he immediately detected the odor of alcohol on appellant's breath and person and observed that appellant had a youthful appearance. Appellant admitted he had consumed alcohol and that there was alcohol in the vehicle. At that point, the officer had reasonable suspicion to detain appellant to investigate the possession and consumption of alcohol by a minor. *See Elias*, 339 S.W.3d at 667 (stating reasonable suspicion consists of specific

articulable facts combined with inferences about those facts). A computer search confirmed that appellant was a minor. Based on these facts, the trial court found that the officer's further detention of appellant was reasonable. We agree.

The officer requested that appellant sit on the tailgate of the truck and testified that appellant was not free to leave at that point. Although the record does not reflect the exact period of time appellant was detained, the record shows about a sixteen-minute interval between the time the officer first contacted dispatch as he approached the truck and the time the back-up officer arrived. During that interval, the officer requested and was granted consent to search the vehicle.

Appellant also argues "to the extent the initial detention . . . was illegal," the State was also required to demonstrate that the "taint" of the illegal stop had dissipated by the time appellant consented to the search. Because we have concluded that the initial detention was not illegal, there is no taint to be considered.[2] And there is nothing in the record to suggest that appellant's consent to search was not voluntary.

Under the Fourth Amendment, a search is unreasonable when conducted without a warrant or probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, (1973). A search conducted pursuant to consent, however, is specifically excepted from this general rule. *Id.* Whether a person's consent to search was voluntary is a question of fact to be determined in each case from the totality of the circumstances of the particular situation. *Meekins v. State*, 340 S.W.3d 454, 459 (Tex. Crim. App. 2011); *Reasor v. State,* 12 S.W.3d 813, 818 (Tex. Crim. App. 2000). The ultimate question to be determined is whether the individual's will has been overborne and his capacity for self-determination critically impaired, such that his consent to

---

[2] For the same reason, we reject appellant's argument that his admission that there was cocaine in the vehicle was "tainted fruit of the tainted consent."

search must have been involuntary. *United States v. Watson*, 423 U.S. 411, 424 (1976), (quoting *Schneckloth*, 412 U.S. at 225).

In the present case, the record reflects only that the officer requested consent to search the truck and appellant agreed. There is nothing to suggest that appellant's capacity for self-determination was impaired or that the consent was not voluntary. Moreover, the record is unclear as to how much of the sixteen-minute detention is attributable to waiting for the back-up officer to arrive after appellant consented to the search. Where a prolonged detention would otherwise be unreasonable for lack of reasonable suspicion, the detention may be justified by the suspect's valid consent to a search. *See Spight v. State*, 76 S.W.3d 761, 767–68 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Specifically, a prolonged detention may be justified when it is necessary to effectuate a search to which the suspect validly consents. *See Kelly v. State*, 331 S.W.3d 541, 550 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

Because the record reflects that the investigative detention was based on specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warranted the intrusion, and because appellant's consent to search was freely and voluntarily given, the trial court did not err in denying appellant's motion to suppress. Appellant's issues are overruled.

**CONCLUSION**

Having resolved all of appellant's issues against him, we affirm the trial court's order denying appellant's motion to suppress.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
120518F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER THOMAS BASINGER, Appellant

No. 05-12-00518-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-11-386.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this July 3, 2013


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE