

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00356-CR

---

CHAD WILLIAM MURRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 66th District Court
Hill County, Texas
Trial Court No. M0187-11, Honorable F. B. (Bob) McGregor, Jr., Presiding

---

November 9, 2015

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Finding the evidence insufficient to support his conviction for driving while intoxicated, this court previously reversed it and acquitted Chad William Murray of the crime. Our Court of Criminal Appeals disagreed with our analysis and found the evidence legally sufficient, reversed our decision, remanded the cause, and directed us to address "any other properly raised claims necessary to the disposition of [a]ppellant's

appeal." *Murray v. State*, 457 S.W.3d 446, 450 (Tex. Crim. App. 2015). We invited the litigants to re-brief the issues. None accepted the invitation.[1]

The "properly raised claims" that remain before us involve the trial court's refusal to 1) grant appellant's motion to suppress, 2) require the State to disclose an expert witness and 3) include an article 38.23 instruction in its jury charge. We affirm.

*Motion to Suppress*

Appellant contends that the initial exchange between the officer and appellant (that is, the officer walking up to appellant's vehicle and trying to wake him) was not a voluntary encounter. Instead, it was an unlawful detention, which the trial court should have recognized. We disagree.

The encounter began around 1:00 a.m. The officer was on patrol in his marked car when he saw appellant's parked vehicle. The vehicle sat parallel to the road, partially on the improved shoulder and partially in a driveway next to a closed fireworks stand. The stand had been the location of a burglary several weeks earlier, a burglary of which the officer knew. Appellant was asleep in the vehicle as its motor was running and its headlights were on. The officer parked behind it, left his unit and walked up to the vehicle. The record does not indicate that the unit's emergency lights were on.

Finding the window up, the radio playing loudly, and appellant laying back in his seat asleep, the officer first knocked on the window. That met with little success. Effort was then made to beat on the window "a few times" as the officer "yelled" to gain appellant's attention. After a couple of minutes passed, appellant awoke and opened

---

[1] Of particular note is the State's decision to file no brief. It did not file one when the cause was first appealed. Admittedly, an appellant has the burden to establish error. Yet, it would seem that the State would have some interest in, at the very least, indicating that it disagrees with appellant's allegations and explaining why. Its job is not over simply because it may have secured a conviction at trial.

his car window.  Appellant argues that these circumstances evinced an illegal detention. The trial court disagreed and denied his motion to suppress the evidence of his intoxicated state.

First, we review appellant's complaint via the standard expressed in *Abney v. State*, 394 S.W.3d 542 (Tex. Crim. App. 2013) and refer the parties to same.

Second, as stated in *State v. Garcia-Cantu*, 253 S.W.3d 236 (Tex. Crim. App. 2008), "[p]olice officers are as free as any other citizen to knock on someone's door and ask to talk with them, to approach citizens on the street or in their cars and to ask for information or their cooperation."  *Id.* at 243.  Such voluntary encounters are not detentions or seizures that transgress constitutional stricture.  *Id.*  "It is only when the police officer 'engages in conduct which a reasonable man would view as threatening or offensive even if performed by another private citizen,' does such an encounter become a seizure."  *Id.*  "It is the display of official authority and the implication that this authority cannot be ignored, avoided, or terminated, that results in a Fourth Amendment seizure."  *Id.*  "At bottom, the issue is whether the surroundings and the words or actions of the officer and his associates communicate the message of 'We Who Must Be Obeyed.'"  *Id.*

Third, an example of such a voluntary encounter appears in *Hurley v. State*, No. 03-07-00433-CR, 2008 Tex. App. LEXIS 4820 (Tex. App.—Austin June 26, 2008, no pet.).  There, the officer 1) found the appellant asleep during the wee hours of the morning in a running vehicle parked partially on the shoulder of a road, 2) endeavored to awaken the driver by tapping on a window, 3) awoke the driver, 4) smelled alcohol when the window or door was opened by the driver, and 4) observed the appellant

3

exhibiting other symptoms of intoxication such as bloodshot or red eyes, impaired speech, and lethargic or uncoordinated movements. According to the reviewing court in *Hurley*, these circumstances evinced a voluntary encounter, as opposed to an investigative detention; thus, the trial court did not abuse its discretion in refusing to grant Hurley's motion to suppress. *Id.* at *10-15.

Fourth, of interest to us is the similarity between the facts in *Hurley* and those here. In both, the law enforcement official was on patrol early in the morning when he saw a running vehicle parked on the side of the road. Both involved the official parking his squad car in a manner that did not impede the appellant's exit. Both involved an appellant found sleeping in the running vehicle and the officer trying to awaken that individual. Given the similarity between the facts and the ruling in *Hurley,* we too conclude that the trial court had before it sufficient evidence upon which to conclude that the officer's appearance at the side of appellant's car and effort to awaken him constituted a voluntary encounter, not an investigative detention. The trial court had before it sufficient evidence upon which to conclude that the ensuing detention of appellant arose after the officer had reasonable suspicion to believe appellant may have been operating his vehicle while intoxicated. *See*, e.g., *Merideth v. State*, 603 S.W.2d 872, 873 (Tex. Crim. App. 1980) (holding interaction was an encounter when the officer saw a man and woman sitting in a parked truck in a parking lot, approached the truck, and knocked on the driver's side window); *Randall v.* State, 440 S.W.3d 74, 79 (Tex. App.—Waco 2012, pet. ref'd) (holding the encounter consensual where the officer saw the vehicle with its lights on parked to the side of the road on a divided two lane

4

highway in the early morning hours in a poorly lit, undeveloped area and the officer pulled up behind the car and engaged his emergency and spotlights).

Admittedly, the officer testified that appellant was not free to leave once he approached the car. Yet, nothing of record indicates that appellant was told that. This is of import since an officer's subjective intent regarding whether one is free to leave "is relevant only to the extent 'such an intent is communicated to the citizen by means of an authoritative voice, commanding demeanor, or other objective indicia of official authority.'" *Hughes v. State*, 337 S.W.3d 297, 302 (Tex. App.—Texarkana 2011, no pet.), *quoting State v. Garcia-Cantu*, *supra.* We do not find evidence of such a communication here.

*Failure to disclose expert witnesses*

Appellant next contends that the trial court erred by allowing the State to elicit expert testimony from a witness in violation of a court order and art. 39.14(b) of the Texas Code of Criminal Procedure.[2] We overrule the issue.

First, appellant did not inform us of who purportedly testified as an undisclosed expert witness. Nor did he cite us to the purported expert testimony recited by this supposedly undisclosed witness. If no one testified as an expert witness, appellant has nothing to complain about. And, it is not our obligation to peruse the record to determine for appellant if any State's witnesses testified as an expert. Simply put, the

---

[2] Article 39.14(b) of the Texas Code of Criminal Procedure states that: "[o]n motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20th day before the date the trial begins." TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (West Supp. 2014)

5

issue was insufficiently briefed and, therefore, was waived. *See Hankins v. State*, 132 S.W.3d 380, 385 (stating that an inadequately briefed issue is waived).

Second, assuming *arguendo* that the expert in question is the trooper who administered the "HGN" test, the record fails to indicate that appellant moved for a continuance. Such a default is fatal. *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (stating that "[i]f a witness' name is not furnished a defendant before trial despite a court order, any error in allowing that witness to testify over a claim of surprise is 'made harmless' by defendant's failure to object or move for a continuance" and because ". . . appellant objected but failed to move for a continuance in order to interview the witnesses or determine the matters about which they were to testify . . . he 'cannot now be heard to complain.'"); *You v. State*, No. 08-06-00168-CR, 2007 Tex. App. LEXIS 3210, at *6-8 (Tex. App.—El Paso April 26, 2007, no pet.) (stating the same and involving the State's failure to disclose an expert witness).

*Art. 38.23 Instruction*

Finally, appellant contends that the trial court erred in failing to include in its jury charge an instruction under art. 38.23(a) of the Texas Code of Criminal Procedure.[3] We overrule the issue.

Specifically, appellant contends that "[t]he evidence here raised an issue of fact as to whether the detention of [appellant] was for a welfare check. The detaining officer testified his detention was due to 'curiosity.'" Yet, below appellant informed the court

---

[3] Said article provides: "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005)

that ". . . if you are ruling that this was a voluntary encounter, I'm not entitled to a 38.23 instruction." As shown above, the interaction between appellant and the officer involved a voluntary encounter; thus, by appellant's own admission, he was not entitled to the requested instruction.

As for the allegation that the trial court was obligated to disclose the basis upon which it denied the motion to suppress and its failure to do so somehow denied appellant the ability to develop effective trial strategies, appellant says little about any particular trial strategy he lost due to the omission. Admittedly, he opined in his brief that ". . . had the defense known of the trials [sic] courts [sic] opinion regarding the motion to suppress, [the strategy] would in part be centered on establishing facts supporting the defense's contention that this was not an encounter." But what those "facts" were or how they differed from the "facts" developed at the suppression hearing and trial go unmentioned. Nor does our review of the limited record before us reveal some unknown facts that could have been developed. Additionally, appellant knew that the issue of voluntary encounter was in play before trial began. Indeed, he argued at the suppression hearing that "it's not an encounter" and "[i]t's not a voluntary encounter." So, we see no lost opportunity to develop a strategy to defeat a claim of which he already knew.

Of further note is our inability to find within the limited record provided by appellant an objection encompassing the ground now proffered to us, (that ground being the denial of a "fair trial" because reasons were not given him as to why the suppression motion was denied). Unless a complaint, with its accompanying grounds, is brought to the trial court's attention in a timely manner, it is not preserved for review.

TEX. R. APP. P. 33.1(a); *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005).

The complaint here was not preserved for review.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.