

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00033-CR

_____

MICHAEL HARVEY DEHARDE, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1523749D

_____

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

A jury found Appellant Michael Harvey DeHarde guilty of the offense of possession of a controlled substance of less than one gram, and the trial court sentenced him to eight years' confinement. *See* Tex. Health & Safety Code Ann. § 481.115(b). In six points, Appellant argues that the trial court abused its discretion and violated his Confrontation Clause rights by overruling his objections to the responding officer's testimony about receiving the address to which he reported from the dispatcher and by overruling his objections to the nonconsensual search of his vehicle and his wallet. Because the record demonstrates that the officer's testimony about being dispatched to the scene was not admitted for the truth of the matter asserted, that the Confrontation Clause was thus not implicated, and that the search of Appellant's vehicle and wallet were justified under the warrant exception for a search incident to arrest, we affirm.

## II. Factual Background[1]

Officer Braucht with the North Richland Hills Police Department testified that on December 2, 2017, he had responded to 6723 Manor Drive based on a call that "a couple of people were digging into a vehicle . . . [j]ust past 11:30 p.m." Based on that information, Officer Braucht believed that the crime of burglary of a motor vehicle

---

[1]Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we set forth only a brief factual background.

might be in progress. When Officer Braucht arrived, he found a vehicle, which matched the description that had been provided, parked in the driveway associated with 6723 Manor Drive.[2] He made contact with the two people who were inside the vehicle and asked for their identification. The driver retrieved his identification from his wallet, which was in a small, open compartment below the radio in the vehicle; the identification revealed that Appellant was the driver. The passenger's identification revealed that she was Jackie Johnson.

When Officer Braucht checked for outstanding warrants, he learned that Johnson had an active warrant for her arrest. The assisting officer then asked Johnson to exit the vehicle, performed a pat down, and located possible illegal substances in her pocket. Officer Braucht testified that based on the contraband found in Johnson's pocket, he proceeded to "conduct a probable[-]cause search [of] the vehicle" because Johnson had been sitting in the vehicle immediately before the illegal substances were found in her pocket. Before Officer Braucht searched the vehicle, he asked Appellant to exit the vehicle and frisked him to search for any weapons for officer safety. Officer Braucht then told Appellant to sit on the curb while he searched the vehicle.

---

[2]The testimony at trial demonstrated that Appellant was at that address to pick up cleaning supplies from Gayla McClendon, who lived at that address and employed Appellant to clean rental houses.

3

During the search of Appellant's vehicle,[3] Officer Braucht found a white crystalline substance, which he believed to be methamphetamine. The substance was found in a folded-up paper driver's license that was in the wallet that Appellant had previously removed his identification from and had placed back in the small open compartment below the radio. Officer Braucht then arrested Appellant.

### III.  Standard of Review for Evidentiary Rulings[4]

A trial court's decision to admit evidence is reviewed under an abuse-of-discretion standard. *Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006).

### IV.  Hearsay and Confrontation Clause Challenges

In his first, third, and fifth points, Appellant argues that the trial court abused its discretion by overruling his hearsay and Confrontation Clause objections to Officer Braucht's testimony.

### A.  Standard of Review and Applicable Law

If the admission of evidence involves a constitutional legal ruling, such as whether a statement is testimonial or nontestimonial, the appellate court gives almost total deference to the trial court's determination of historical facts but reviews de novo the trial court's application of the law to those facts. *See Langham v. State*, 305

---

[3]The record demonstrates that the vehicle was registered to Appellant.

[4]Each of Appellant's points challenge the trial court's rulings on evidentiary objections that he made at trial. We therefore set forth the standard of review regarding the admission of evidence only once.

4

S.W.3d 568, 576 (Tex. Crim. App. 2010); *Wall*, 184 S.W.3d at 742 (applying hybrid standard of review to issue of whether statement was testimonial).

The Confrontation Clause of the Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 42, 124 S. Ct. 1354, 1359 (2004); *Langham*, 305 S.W.3d at 575 (citing U.S. Const. amend. VI). The Confrontation Clause applies only to testimonial hearsay. *See Davis v. Washington*, 547 U.S. 813, 821, 126 S. Ct. 2266, 2273 (2006); *Langham*, 305 S.W.3d at 576. Once a defendant raises a Confrontation Clause objection, the burden shifts to the State to prove either (1) that the proposed statement does not contain testimonial hearsay and thus does not implicate the Confrontation Clause or (2) that the statement does contain testimonial hearsay but is nevertheless admissible. *See De la Paz v. State*, 273 S.W.3d 671, 680–81 (Tex. Crim. App. 2008) (citing *Crawford*, 541 U.S. at 68, 124 S. Ct. at 1374).

Statements that are properly offered and admitted not to prove the truth of the matter, but rather for a nonhearsay purpose, do not implicate Confrontation Clause rights and are admissible under *Crawford*. *See Langham*, 305 S.W.3d at 576 ("[A]n out-of-court statement, even one that falls within [the] definition of 'testimonial' statements, is not objectionable under the Confrontation Clause to the extent that it is

5

offered for some evidentiary purpose other than the truth of the matter asserted."").

As further noted by the court in *Langham*,

> When the relevance of an out-of-court statement derives solely from the fact that it was made, and not from the content of the assertion it contains, there is no constitutional imperative that the accused be permitted to confront the declarant. In this context, the one who bears "witness against" the accused is not the out-of-court declarant but the one who testifies that the statement was made, and it satisfies the Confrontation Clause that the accused is able to confront and cross-examine him.

305 S.W.3d at 576–77. For example, when a statement is "offered to show the reason for the [police officer's] actions," and not for the truth of the matter asserted, it is not hearsay. *See Kimball v. State*, 24 S.W.3d 555, 564–65 (Tex. App.—Waco 2000, no pet.). Moreover, "testimony by an officer that he went to a certain place or performed a certain act in response to generalized 'information received' is normally not considered hearsay because the witness should be allowed to give some explanation of his behavior." *Poindexter v. State*, 153 S.W.3d 402, 408 n.21 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015).

## B. Analysis

In his fifth point, Appellant argues that the trial court abused its discretion by overruling his Confrontation Clause objections when the State questioned Officer Braucht as follows:

> Q. And on the 2nd day of December 2017, did you get a call at 6723 Manor Drive?

6

[DEFENSE COUNSEL]: We'd object, Your Honor. It's hearsay and denial of confrontation.

THE COURT: Response?

[PROSECUTOR]: Judge, it's a location he went to, so he would have personal knowledge of where it is.

THE COURT: Ask him that.

Q. [BY [PROSECUTOR]] Did you respond to 6723 Manor Drive?

[DEFENSE COUNSEL]: We object, Your Honor. Again, it's involving hearsay and involves a denial of confrontation of the witnesses --

THE COURT: He's asking if he responded. That's not a hearsay. Overruled.

Go ahead. You can answer that.

A. Yes, sir, I responded to 6723 Manor.[5]

Appellant argues that he was denied his right to confront the witnesses against him "because the person giving the information is not present and [because] the person to whom the information was sent was the person [testifying about] the information."

As set forth above, case law permits an officer to testify that he went to a certain place in response to information received. *See id.* Officer Braucht's

---

[5]Although Appellant's fifth point references "**(R., Vol. 3, p. 16–19, 25)**," his analysis sets forth only the above-quoted portion of the record from pages 16 and 17 and makes no reference to or arguments about the testimony on the other referenced pages during which he continued to raise the same objections to other questions. We therefore limit our analysis to the above-quoted portion of the record.

testimony—that he responded to 6723 Manor Drive because that was the location that he was dispatched to—explains why he went to that address. The location provided by the caller and conveyed by the dispatcher was not offered for the truth of the matter asserted and thus is not hearsay. *See Kimball*, 24 S.W.3d at 564–65 (concluding that officer's testimony as to out-of-court conversations between officer and police dispatcher regarding conversation between unknown motorist and 911 operator regarding possible DWI was nonhearsay); *see also Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995) (holding that evidence was not hearsay because the State tendered it "to show how appellant became a suspect in the investigation"); *Vercher v. State*, No. 03-13-00799-CR, 2015 WL 5919933, at *2 (Tex. App.—Austin Oct. 7, 2015, no pet.) (mem. op., not designated for publication) (holding that Crime Stopper testimony was not hearsay or a violation of the Confrontation Clause because it was not offered for the truth of the matter asserted). And because Officer Braucht's testimony about the location that he was dispatched to was not hearsay, his testimony did not violate the Confrontation Clause. *See Crawford*, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9 ("The [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." (citing *Tennessee v. Street*, 471 U.S. 409, 414, 105 S. Ct. 2078, 2081–82 (1985))); *McIntyre v. State*, No. 14-13-00407-CR, 2014 WL 6602420, at *14 (Tex. App.—Houston [14th Dist.] Nov. 20, 2014, no pet.) (mem. op., not designated for publication) ("If the trial court correctly determined that Waters'[s] testimony was not

8

hearsay, then her testimony did not violate the Confrontation Clause."); *Kimball*, 24 S.W.3d at 564–65 (concluding that officer's testimony about conversations with police dispatcher was nonhearsay and that its admission did not violate the Confrontation Clause). We hold that the trial court did not abuse its discretion by overruling Appellant's Confrontation Clause objections, which are set forth above, and we overrule Appellant's fifth point.

In his first and third points, Appellant argues that the trial court abused its discretion by overruling his hearsay and Confrontation Clause objections to the State's questioning Officer Braucht "about receiving a call about the vehicle" because "[t]here was no one to testify as regards to a telephone call." The body of Appellant's argument references "(R., Vol. 3, p. 20–21)."[6] The question the State asked Officer Braucht was as follows: "When you get called to a call for service in this manner like you described, with people digging in a car late at night, residential area, are you thinking there could be a crime happening?"[7] Appellant argues that "the alleged caller

---

[6]We note that in the portion of Appellant's brief where he sets forth the statement of his first point, he cites "**(R., Vol. 3, entire record)**." Because Appellant focuses his analysis solely on pages 20 and 21, we similarly limit our analysis to only those pages.

[7]Appellant does not set forth the exact question that he is challenging, but the only other Confrontation Clause objection that he made on page 21 came after Officer Braucht had answered a question about identifying the people in the vehicle. Because this objection was late, it did not preserve anything for our review. *See* Tex. R. App. P. 33.1(a)(1); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during

was never identified, never questioned, and never appeared for court" and that "[t]his is clearly a violation of the [C]onfrontation [C]lause."

Broadly construing the challenged question as directed at Appellant's inability to question the dispatcher and the unidentified person who called 911, our analysis would be the same as that set forth above with Appellant's fifth point: Officer Braucht's testimony—that he responded to 6723 Manor Drive because that was the location that he was dispatched to—was not offered for the truth of the matter asserted and thus was not hearsay. *See Kimball*, 24 S.W.3d at 564–65; *see also Dinkins*, 894 S.W.2d at 347; *Vercher*, 2015 WL 5919933, at *2. Accordingly, we hold that the trial court did not abuse its discretion by overruling Appellant's hearsay and Confrontation Clause objections, and we overrule Appellant's first and third points.

## V. Challenge of Alleged *Terry* Stop

Appellant's fourth point is couched as another challenge to the trial court's overruling of his hearsay and Confrontation Clause objections, but he sets forth no record references. His three-sentence argument is as follows:

> The State was allowed to present evidence of the questioning of the Appellant regarding things independent of the reason for the stop. The alleged call to the police was regarding someone removing something from one vehicle to another vehicle. There is nothing illegal about this activity on behalf of the Defendant [that] could justify a [*Terry*] stop. **Terry v. Ohio**, 392 U.S. 1[, 88 S. Ct. 1868] (1968).

---

trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." (citations omitted)).

To the extent that Appellant's fourth point re-urges his argument about his inability to question the dispatcher and the unidentified caller, we have addressed that argument above and overrule that portion of his fourth point. With regard to the remainder of Appellant's fourth point regarding an alleged *Terry* stop,[8] the evidence supports Officer Braucht's actions.

Law enforcement officers may, without probable cause or reasonable suspicion, approach individuals to request identification and information. *See State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011). Such encounters do not require any justification on the officers' part. *See United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877 (1980); *State v. Woodard*, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011); *State v. Larue*, 28 S.W.3d 549, 553 (Tex. Crim. App. 2000). A police officer is as free as any other citizen to approach citizens on the street and ask for information. *Woodard*, 341 S.W.3d at 411; *State v. Garcia-Cantu*, 253 S.W.3d 236, 243 (Tex. Crim. App. 2008). Such interactions may involve inconvenience or embarrassment, but they do not involve official coercion. *Garcia-Cantu*, 253 S.W.3d at 243.

An officer may conduct a brief investigative detention, or "*Terry* stop," when he has a reasonable suspicion to believe that an individual is involved in criminal activity. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002) (citing *Terry*, 392 U.S. at

---

[8]Appellant preserved this argument in the trial court when he objected to State's Exhibit 11, the dash camera video, on the basis that "[Officer Braucht] has intentionally stopped a motor vehicle without probable cause." The trial court overruled the objection.

21, 88 S. Ct. at 1880); *Carmouche v. State*, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances and will be justified when the detaining officer has specific articulable facts, which, taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity. *Balentine*, 71 S.W.3d at 768; *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

Here, we note at the outset of our analysis that Officer Braucht did not initiate a stop of Appellant's vehicle. The record demonstrates that Appellant's vehicle was parked in the driveway at 6723 Manor Drive when Officer Braucht approached it and asked the occupants—Appellant and Johnson—for identification. A police officer approaching a parked vehicle does not constitute a seizure and need not be supported by reasonable suspicion or probable cause. *See Basinger v. State*, No. 05-12-00518-CR, 2013 WL 4400528, at *3 (Tex. App.—Dallas Aug. 16, 2013, pet. ref'd) (op. on reh'g, not designated for publication); *see also Castleberry*, 332 S.W.3d at 466. Accordingly, we hold that Officer Braucht's initial interaction with Appellant—during which Officer Braucht asked Appellant for identification and asked questions about what Appellant was doing—constituted a consensual or voluntary encounter, not a *Terry* stop. *See Merideth v. State*, 603 S.W.2d 872, 873 (Tex. Crim. App. [Panel Op.] 1980) (holding that interaction was an encounter when officer saw man and woman sitting in parked truck in parking lot, approached truck, and knocked on driver's side window).

12

Accordingly, we hold that the trial court did not abuse its discretion by overruling Appellant's objection to the alleged stop, and we overrule the remainder of Appellant's fourth point.

## VI. Challenges Regarding the Search of the Vehicle

In his second[9] and sixth points, Appellant argues that the trial court abused its discretion when it overruled his objection to the search and seizure of the vehicle and his wallet.[10] Appellant contends that the police must have probable cause or consent in order to conduct a search of a vehicle and that when Officer Braucht found Appellant's wallet inside the vehicle, Appellant "had already told the officer he could not search the vehicle."

The Fourth Amendment to the United States Constitution prohibits the government from violating the people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. As the text suggests, the touchstone of the Fourth Amendment is "reasonableness." *Riley v. California*, 573 U.S. 373, 382, 134 S. Ct. 2473, 2482 (2014).

[9]As pointed out by the State, "[t]hough the heading of Appellant's second point of error complains about the trial court['s] overruling an objection to the State['s] leading its witness, this is likely a clerical error, as the body of the complaint deals with the Fourth Amendment."

[10]Appellant filed a motion to suppress on the first day of trial, and the trial court "carr[ied] it with trial." During the trial when the State offered the dash camera video, Appellant objected that "[Officer Braucht] has intentionally stopped a motor vehicle without probable cause, without any actions on the parts of the -- the individuals that would justify a detention and search. And because of that, the entire search is illegal." The trial court overruled the objection.

When the government undertakes a search for the purpose of furthering a criminal investigation, "reasonableness generally requires the obtaining of a judicial warrant." *Id.*, 134 S. Ct. at 2482. A search undertaken without a warrant is reasonable only if it falls within one of the specific and well-defined exceptions to the warrant requirement. *State v. Villarreal*, 475 S.W.3d 784, 795 (Tex. Crim. App. 2014).

The exception relevant here is for a search incident to arrest. This exception permits a warrantless search if it is "substantially contemporaneous" to an arrest and "confined to the area within the immediate control of the arrestee." *Id.* at 807; *see State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014). The United States Supreme Court has construed the phrase "area within the immediate control" as the "area from within which [the arrestee] might gain possession of a weapon or destructible evidence." *Arizona v. Gant*, 556 U.S. 332, 339, 129 S. Ct. 1710, 1716 (2009). The Supreme Court's construction ensures that the scope of a search incident to arrest is commensurate with the justifications for permitting it: ensuring the safety of the arresting officer and the need to preserve evidence from destruction. *Granville*, 423 S.W.3d at 410. "If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Gant*, 556 U.S. at 339, 129 S. Ct. at 1716. However, the Court recognized an exception for cases where it is "reasonable to believe evidence relevant to the crime of arrest might be found in

the vehicle." *Id.* at 343, 129 S. Ct. at 1719 (citing *Thornton v. United States*, 541 U.S. 615, 632, 124 S. Ct. 2127, 2137 (2004) (Scalia, J., concurring)).

Here, the police did not need Appellant's consent to search his vehicle because the search of the vehicle was triggered by Johnson's arrest. The following series of events justified the warrantless search of Appellant's vehicle and his wallet:

- Johnson had an outstanding warrant, so police were justified in conducting a warrantless search of her person incident to arrest. *See United States v. Robinson*, 414 U.S. 218, 224, 94 S. Ct. 467, 471 (1973) ("It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment.").

- During the pat-down search of Johnson, the police discovered drugs on her person. The discovery of drugs on Johnson's person, after she was arrested on an outstanding warrant, supplied a new basis for arrest that justified a search—incident to arrest—of the vehicle that she had been a passenger in immediately prior to her arrest. *See, e.g.*, *State v. Sanchez*, No. 13-15-00288-CR, 2018 WL 1633571, at *3 (Tex. App.—Corpus Christi– Edinburg Apr. 5, 2018, no pet.) (mem. op. on remand, not designated for publication) ("[T]he . . . drugs on Sanchez's person, after he was arrested on traffic warrants but before his Jeep was searched, supplied a

new basis for arrest that justified a search incident to arrest of his Jeep.").

- Because Johnson had been sitting in Appellant's vehicle immediately prior to her arrest, it was reasonable for police "to believe [that] evidence relevant to the crime of arrest [i.e., possession of a suspected controlled substance] might be found in the vehicle." *See Gant*, 556 U.S. at 343, 129 S. Ct. at 1719.

The police were therefore justified in searching the vehicle and its contents, including Appellant's wallet that was in an open area under the radio, because additional drugs like those found on Johnson's person could be concealed there. *See id.* at 344, 129 S. Ct. at 1719 (stating that the offense of arrest—such as an arrest for possession of drugs—can supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein); *Dahlem v. State*, 322 S.W.3d 685, 690 (Tex. App.—Fort Worth 2010, pet. ref'd) ("We hold that Appellant's wallet was a container on the boat capable of concealing the additional marihuana Warden Benge sought to locate[.]"). Officer Braucht's discovery of methamphetamine in Appellant's wallet that was in an open compartment in his vehicle was thus the result of a lawful warrantless search. *See Dahlem*, 322 S.W.3d at 690 (holding that warden's discovery of cocaine in appellant's wallet, which was in glove compartment, was the result of a lawful search because the warden was authorized to search the boat for more marihuana after seizing a pipe and marihuana).

16

Accordingly, we hold that the trial court did not abuse its discretion by overruling Appellant's objection to "the entire search." We therefore overrule Appellant's second and sixth points.

## VII. Conclusion

Having overruled each of Appellant's six points, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 16, 2020